322 So.2d 620 (1975)
Doyle Lee WILKINSON, and Daniel H. Van Galder, Appellants,
v.
The STATE of Florida, Appellee.
No. 75-232.
District Court of Appeal of Florida, Third District.
November 12, 1975.
*621 Quinn & Payne, Key West, for appellants.
Robert L. Shevin, Atty. Gen., and William L. Rogers, Asst. Atty. Gen., for appellee.
Before BARKDULL, C.J., and PEARSON and NATHAN, JJ.
PER CURIAM.
Appellants appeal their convictions and sentences entered pursuant to a jury verdict finding them guilty of breaking and entering with intent to commit aggravated assault and aggravated assault. Van Galder was sentenced to five years and Wilkinson to fifteen years.
On the evening of April 25, 1974, Donald Mohler and Robert Black locked up their apartment and retired for the night. During the early hours of the following morning, they were awakened at knifepoint by the appellants. Mohler and Black were tied and gagged. The appellants made known to them that they had come for some motorcycle parts in Black's possession, which were formerly owned by the appellant, Wilkinson. The appellants threatened to kill Mohler if they didn't get the parts. Thereupon Black was untied and he and Van Galder went to the home of Black's parents to get the parts. Black's mother was awakened by Black and Van Galder, and Black told her to get the police. Black and Van Galder returned to Black's apartment. Shortly thereafter the police arrived and arrested the appellants. On May 15, 1974, the appellants were charged with breaking and entering a dwelling with intent to commit aggravated assault and aggravated assault. On June 28, 1974, they moved for a speedy trial; trial was set for August 5, 1974. When the case was called for trial, the appellants allegedly pleaded guilty to both counts in exchange for a one year County sentence for Van Galder and five years for Wilkinson. On August 8, 1974 the appellants, by way of a letter to the trial judge, moved to withdraw their guilty pleas, claiming coercion by the public defender. No further action was taken until October 31, 1974, when the public defender refused to move to withdraw the pleas and moved to withdraw as counsel. On November 20, 1974, the public defender's motion was granted and present counsel was appointed. On December 20, 1974, a second motion to withdraw the pleas was filed; the motion was denied on December 30, 1974. Thereafter, the trial judge sua sponte withdrew the pleas. On January 13, 1975, the appellants moved for discharge pursuant to Rule 3.191 CrPR, alleging denial of speedy trial. The motions were denied and trial commenced on January 15, 1975, resulting in the judgments and sentences appealed.
On appeal, the appellants have contended that the evidence was insufficient to prove the offenses charged; that they should have been discharged under the speedy trial provisions of Rule 3.191 CrPR; that the difference in the sentences given them denied Wilkinson of equal protection of the laws; that the sentences given were a result of punitive judicial reaction to their withdrawal of their pleas; and that it was error to deny the appellants' request to charge the jury on conditional threat.
A review of the record on appeal shows all points to be without merit. The record contains substantial competent evidence *622 from which the jury could find the appellants guilty of the crimes charged. Crum v. State, Fla.App. 1965, 172 So.2d 24; Finney v. State, Fla.App. 1969, 220 So.2d 673.
The appellants' guilty pleas waived all non-jurisdictional defects. They were tried within a very short period after they were permitted to withdraw their guilty pleas. The guilty pleas and withdrawal thereof, in effect, delayed the appellants' trial from the time of the original request by virtue of the appellants' conduct.
In the instant case, the sentences are within the limits prescribed by law, and the propriety thereof cannot be reviewed on appeal. Chavigny v. State, Fla.App. 1959, 112 So.2d 910; Infante v. State, Fla.App. 1967, 197 So.2d 542; Weathington v. State, Fla.App. 1972, 262 So.2d 724; Cole v. State, Fla.App. 1972, 262 So.2d 902. Sentencing is within the discretion of the trial judge. The appellants interpret Slater v. State, Fla. 1975, 316 So.2d 539 as holding that co-defendants being found guilty of the same crime must be given the same sentence in all cases. Slater v. State, supra, is a unique situation and must be limited to the facts therein. In death penalty cases the sentence is subject to appellate review by statute. This is not true of the crimes involved in the instant appeal. See: § 921.141(4), Fla. Stat.
The appellants' assertion that the sentences were increased above that allegedly bargained for because of prejudice of the trial judge is just that: an assertion, with no factual support in the record. Cole v. State, supra; Lucio v. United States, 5th Cir.1968, 394 F.2d 511; Baker v. United States, 5th Cir.1969, 412 F.2d 1069; Hart v. Henderson, 5th Cir.1971, 449 F.2d 183.
A review of the jury charges given in this case demonstrates the jury was correctly charged on the law and that the appellants were not prejudiced by the jury charges. See: Goswick v. State, Fla. 1962, 143 So.2d 817; Albright v. State, Fla.App. 1968, 214 So.2d 887; § 918.10(3), Fla. Stat., Rule 3.390(c), RCrP.
Therefore, the convictions, adjudications, and sentences be and the same are hereby affirmed.
Affirmed.