453 So.2d 411 (1984)
Harold S. JOHNSON, Appellant,
v.
STATE of Florida, Appellee.
No. AW-387.
District Court of Appeal of Florida, First District.
June 15, 1984.
Rehearing Denied July 5, 1984.
*412 Michael E. Allen, Public Defender, Glenna Joyce Reeves, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., Andrew Thomas, Asst. Atty. Gen., for appellee.
WENTWORTH, Judge.
Appellant Johnson asserts that the trial court erred in denying his motion to reconsider two concurrent three-year sentences, and to permit his election of Fla.R.Crim.P. 3.701[1] sentencing guidelines to apply to the sentences imposed herein on November 22, 1983, upon charges of forgery and uttering to which appellant pled guilty on April 4, 1983. We affirm because the state properly asserts waiver based on appellant's failure at the time of sentencing, while represented by counsel, to elect application of the rule. Appellant responded at length, in mitigation, to the court's request for statement of any cause precluding sentence by the court as provided by law, without reference by appellant or his counsel to the required election under the rule. Absent election, the sentences imposed for offenses committed prior to adoption of the rule were plainly not subject to the guidelines. To permit election after the court's pronouncement of sentence would, in our opinion, permit a retrospective selection of options not contemplated by the rule.
The state's waiver argument before the trial court, however, was based on other facts, i.e., appellant's failure to appear for scheduled sentencing on May 16, 1983. We do not on the record before us find that failure to be sufficient to forfeit all rights under the rule in the later sentencing hearing. But the state's alternative argument here adequately supports the ruling below, and we find no merit in appellant's contention that estoppel should bar our determination of waiver on that ground. No detrimental reliance or other inequity is shown in these circumstances.
Affirmed.
BOOTH, J., concurs.
ERVIN, C.J., dissents w/opinion.
ERVIN, Chief Judge, dissenting.
I would reverse the sentence and remand the cause for sentencing under the guidelines. Although defense counsel failed to make a contemporaneous objection at the precise time the sentence was imposed, it appears that shortly thereafter he orally moved to correct the two sentences, contending that the new guidelines should apply to the sentences prescribed. The majority now states that the appellant's failure to make a timely election to sentencing under the guidelines waives his right to raise the alleged error on appeal. To this holding I dissent on the same ground previously stated in my dissent in Cofield v. State, 453 So.2d 409 (Fla. 1st DCA 1984).
NOTES
[1] In Re Rules of Criminal Procedure (Sentencing Guidelines), 439 So.2d 848, 849 (Fla. 1983), the Florida Supreme Court stated that:

The sentencing guidelines adopted herein will be effective for all applicable offenses committed after 12:01 a.m., October 1, 1983 and, if affirmatively selected by the defendant, to sentences imposed after that date for applicable crimes occurring prior thereto.