454 So.2d 689 (1984)
Herman Henry HARMS, Appellant,
v.
STATE of Florida, Appellee.
No. AW-238.
District Court of Appeal of Florida, First District.
August 6, 1984.
Rehearing Denied September 6, 1984.
Michael E. Allen, Public Defender, Michael J. Minerva, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., Wallace E. Allbritton, Asst. Atty. Gen., for appellee.
WENTWORTH, Judge.
Appellant Harms asserts violation of the sentencing guidelines, Fla.R.Crim.P. 3.701[1] in the imposition of the 15-year sentence appealed by him. He was sentenced on November 23, 1983, upon revocation of a four-year probationary term imposed in January 1982 on a guilty plea to a charge of dealing in stolen property. We reverse because the trial court erred (1) in rejecting defendant's election, before sentencing, to have the guidelines applied, and (2) in finding "as a matter of law that the Defendant is not entitled to treatment and sentencing under Sentencing Guidelines, effective October 1, 1983" because his "failure to be sentenced on September 1st was due to his willful and intentional failure to appear" on that date as ordered. The court alternatively found "reason for deviating" from the guidelines in appellant's failure to appear, i.e., "his own wrongdoing ... could not afford him the benefits of the sentencing guidelines ... recommendation." Although appellant's contentions with respect *690 to improper grounds for deviation might be deemed premature or mooted by our initial determination of error, those issues will be treated briefly to avoid any contention that the sentence may be affirmed as a proper deviation under the rule which we find was not but should have been applied.[2]
Appellant cogently argues that his failure to appear for prior scheduled sentencing (described in the order as "willful and intentional" without any evidentiary predicate for such terms) does not forfeit or waive "as a matter of law" his right to elect the guidelines for a sentence imposed after their effective date. The text of the rule, the opinion of the Court adopting it,[3] and analogous precedent all negate such waiver. See Johnson v. State, 453 So.2d 411 (Fla. 1st DCA 1984); Duggar v. State, 446 So.2d 222 (Fla. 1st DCA 1984); Johnson v. State, 371 So.2d 556 (Fla. 2d DCA 1979). A failure to appear under the circumstances shown in this case may, of course, be subject to independent statutory penalty. § 843.15, Florida Statutes. We are not here concerned with that potentiality, but note that the prescribed penalties do not expressly or inferentially affect the election of sentencing guidelines. This cause must accordingly be remanded for their application.
The order before us, and the supporting transcript, reflect the court's further determination that, assuming applicability of the Rule, appellant's failure to appear is wrongdoing which, standing alone, shows clear and convincing reason to deviate from any presumptive guidelines sentence otherwise applicable. The state inaptly relies on Wilkinson v. State, 322 So.2d 620 (Fla. 3d DCA 1975), as authority for the same breadth of discretion in deviation from the Rule as Wilkinson recognized in the former sentencing process. Such is plainly not the intendment of the Rule. We conclude upon review of the single stated reason for deviation in the present case that it cannot suffice because to do so would permit the trial court to do indirectly, by deviation, what he cannot do directly by denying election of the Rule initially based solely on a prior failure to appear.[4]
We reverse and remand accordingly for sentencing anew consistent herewith.
ERVIN, C.J., concurs.
BOOTH, J., dissents.
NOTES
[1] In Re Rules of Criminal Procedure (Sentencing Guidelines), 439 So.2d 848, 849 (Fla. 1983), the Florida Supreme Court stated that:

The sentencing guidelines adopted herein will be effective for all applicable offenses committed after 12:01 a.m., October 1, 1983 and, if affirmatively selected by the defendant, to sentences imposed after that date for applicable crimes occurring prior thereto.
See also § 921.001(4)(a), Florida Statutes (1983), stating:
The guidelines shall be applied to ... felonies . .. committed prior to October 1, 1983, for which sentencing occurs after such date when the defendant affirmatively selects to be sentenced pursuant to the provisions... .
[2] Noticeably absent from the record is the scoring sheet required by the Rule, although appellant's counsel informed the court "with the limited resources available from the jail jacket, I have computed that ... the point total is 43 points which places Mr. Harms in the 12 to 30 months incarceration ... category."
[3] Note 1, supra.
[4] The record reflects the court's regard for processes which, upon remand, require consideration of Rule amendments stating in part that "reasons for deviating ... shall not include factors relating to prior arrests without conviction." See Amendment to R.C.P., Case # 65,216, Florida Supreme Court, May 8, 1984; Manning et al. v. State, 434 So.2d 889 (Fla. 1st DCA 1984). The transcript in this case contains the judge's comment that defendant:

is back before the Court for sentencing. He did not surrender himself. In fact, the reason why he is back before the Court is that after he failed to appear before the Court he was arrested further on one, two counts of armed burglary, one count of attempted armed burglary, one count of attempted murder, one count of possession of firearm by a convicted felon. I am not, for the purposes of this sentencing, I am not considering any guilt. He has yet to be tried on these new charges. I am only considering whether or not  considering his brush with the law while he was out on bond awaiting sentencing. He failed to appear in Court and then while he was out and under a status of a fugitive, he has been arrested again on several very serious charges.