465 So.2d 1361 (1985)
Darrell Earl PARKER, Appellant,
v.
STATE of Florida, Appellee.
No. AY-438.
District Court of Appeal of Florida, First District.
March 26, 1985.
Michael E. Allen, Public Defender; P. Douglas Brinkmeyer, Asst. Public Defender, for appellant.
*1362 Jim Smith, Atty. Gen., Henri C. Cawthon, Asst. Atty. Gen., for appellee.
WENTWORTH, Judge.
Appellant seeks review of a sentence imposed for the offense of burglary of a structure, asserting that the trial court erred in declining to impose sentence within the presumptive range established pursuant to the Fla.R.Crim.P. 3.701 sentencing guidelines. We find that the court did err in this regard, and we therefore reverse the order appealed.
After a guilty plea appellant was scheduled to appear for sentencing in August 1983. Appellant did not appear at the scheduled proceeding and was subsequently taken into custody. A sentencing hearing was held in April 1984, at which time appellant affirmatively elected to proceed under the Fla.R.Crim.P. 3.701 sentencing guidelines. The state contended that the guidelines should not be applied since they were not effective when appellant failed to appear at the initial sentencing proceeding.
The court sentenced appellant to a term of incarceration in excess of the presumptive guidelines sentence, expressly noting appellant's earlier failure to appear.[1] However, a defendant's failure to appear for a sentencing proceeding scheduled prior to the effective date of the Rule 3.701 guidelines does not necessarily disqualify the defendant from electing application of the guidelines for a sentence imposed after their effective date. See Harms v. State, 454 So.2d 689 (Fla. 1st DCA 1984); also see Query v. State, 455 So.2d 554 (Fla. 1st DCA 1984); Knight v. State, 455 So.2d 457 (Fla. 1st DCA 1984). Harms further indicates that upon application of the Rule 3.701 guidelines a defendant's mere failure to so appear should not serve as the sole basis for exceeding the presumptive sentence "because to do so would permit the trial court to do indirectly, by deviation, what he cannot do directly by denying the election of the Rule... ."
In the present case appellant was thus entitled, upon his affirmative election, to the application of the Rule 3.701 sentencing guidelines, and the court could not depart from the presumptive guidelines sentence for the sole reason that appellant had failed to appear at the initial sentencing proceeding.[2] Insofar as the court exceeded the presumptive sentence solely because of appellant's earlier failure to appear, the cause must be remanded for resentencing.
The order appealed is reversed and the cause remanded.
THOMPSON and WIGGINTON, JJ., concur.
NOTES
[1] In imposing sentence the court stated that:

... [Appellant's] failing to appear should not now be allowed to elect him [sic] to be sentenced under the guidelines.
The Court notes that the defendant has asked to be sentenced under the guidelines. The Court notes that he is being sentenced outside of the guidelines.
... In any event, I have sentenced him and I have departed from the guidelines.
[2] As in Harms v. State, supra, in the present case the record does not suggest that appellant's failure to appear was willful and intentional or otherwise motivated by a desire to secure the application of the Rule 3.701 sentencing guidelines.