471 So.2d 201 (1985)
Barry Allan WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 84-2701.
District Court of Appeal of Florida, Second District.
June 19, 1985.
*202 Robert C. Hill, Fort Myers, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Robert J. Krauss, Asst. Atty. Gen., Tampa, for appellee.
SCHOONOVER, Judge.
The appellant, Barry Allan Williams, appeals from three sentences imposed against him. We find that the trial court did not abuse its discretion in deviating from the guidelines in sentencing appellant and, accordingly, we affirm.
Appellant was originally charged with burglary of a dwelling in violation of section 810.02, Florida Statutes (1983), and two counts of grand theft in violation of section 812.014, Florida Statutes (1983). The crimes were committed between January 11, 1984, and January 12, 1984.
On May 31, 1984, appellant pled guilty to the burglary of a dwelling charge and to one of the grand theft charges. He also pled guilty to a charge of petit theft in connection with the second grand theft charge.
The following colloquy took place at the plea hearing:
THE COURT: Whatever the guidelines say, I will sentence accordingly; do you understand?
THE DEFENDANT: Yes, sir, I do.
THE COURT: Now, my promise to limit the sentence, Mr. Williams, is conditioned upon three things: One, that your criminal record is only as you have represented it to be.
THE DEFENDANT: Yes, sir, it is.
THE COURT: And, secondly, that you reappear before me on the 20th of July at 2:00 p.m. to be sentenced.
THE DEFENDANT: Yes, sir.
THE COURT: And, three, that you engage in no further criminal activity.
THE DEFENDANT: Definitely, your Honor.
THE COURT: If any one of those conditions is not met, I will not be bound by my promise and I'll not allow you to withdraw your plea and I will not be bound by my promise to sentence under the guidelines; do you understand?
THE DEFENDANT: Yes, sir, I do.
THE COURT: But, I will be able to sentence you as I see fit, up to twenty years.
THE DEFENDANT: Yes, sir.
THE COURT: With that in mind, do you still plead guilty?
THE DEFENDANT: Yes, your Honor, I do.
THE COURT: Now, have you understood each and every question I have asked you, sir?
THE DEFENDANT: Yes, sir, your Honor.
(R 21, 22).
After appellant, under oath, agreed to the three conditions and testified that he had a job and a place to live within Lee County, Florida, the trial court released appellant upon his own recognizance to await sentencing. On July 20, 1984, appellant failed to appear for sentencing, and a warrant for his arrest was issued. On October 10, 1984, appellant was returned to Lee County, Florida from the state of Texas.
At the sentencing hearing on November 13, 1984, appellant stated he had left the state of Florida in order to obtain employment to support his wife and baby and that *203 he realized that what he had done was wrong. The court informed the appellant that because he had failed to appear for sentencing and had demonstrated thereby his unsuitability to being placed on probation, the court was going to deviate from the guidelines recommended range of any nonstate prison sanction. The court then adjudicated appellant guilty and sentenced him to serve concurrent terms of fifteen years on the charge of burglary of a dwelling, five years on the charge of grand theft, and sixty days on the charge of petit theft. This appeal timely followed.
The sole question on appeal is whether the trial court erred in considering appellant's failure to appear for sentencing as a reason for sentencing appellant outside of the recommended guidelines range.
A sentencing judge should avoid departing from a presumptive sentence unless clear and convincing reasons for doing so are present. Fla.R.Crim.P. 3.701(d)11. We find that a clear and convincing reason for departure exists in this case and that the trial court, accordingly, did not err.
In return for a guaranteed maximum sentence, i.e., the presumptive guidelines sentence, the appellant entered into a plea agreement. If appellant had fulfilled all of the conditions attached to his plea agreement, the trial court would have been precluded from sentencing appellant outside of the guidelines. Appellant, however, failed to appear for sentencing and the trial court, pursuant to the agreement, was therefore justified in deviating from the guidelines. See Johnson v. State, 458 So.2d 850 (Fla. 2d DCA 1984); Bell v. State, 453 So.2d 478 (Fla. 2d DCA 1984).
Appellant's reliance on two decisions of the First District Court of Appeal is misplaced. In Harms v. State, 454 So.2d 689 (Fla. 1st DCA 1984), and in Parker v. State, 465 So.2d 1361 (Fla. 1st DCA 1985), the court ruled that failure to appear at sentencing is a wrongdoing which, standing alone, is not a clear and convincing reason to depart from any presumptive guideline sentence otherwise applicable. In Parker, the court stated that the record in that case and in Harms did not suggest that the defendants' failure to appear was willful and intentional or otherwise motivated by a desire to secure the application of the rule 3.701 sentencing guidelines.
In the case sub judice, the trial court did not deviate from the presumptive guidelines sentence solely for the reason that appellant failed to appear at sentencing. Appellant's agreement to appear at sentencing was one of the conditions of his plea, and the record affirmatively reflects that his failure to appear was willful and intentional.
Accordingly, we hold that where a defendant, as a condition of the acceptance of his plea, agrees to a departure from the presumptive guidelines sentence in the event he fails to appear for sentencing, the trial court may depart from the guidelines upon finding that the defendant's failure to appear was willful and intentional.
AFFIRMED.
OTT, A.C.J., and CAMPBELL, J., concur.