FRANK, Judge.
After violating probation Timothy Thrower was sentenced in May, 1985, for offenses occurring in September, 1982. Thrower’s point on appeal is that the trial court erred by not ensuring that he was given the opportunity affirmatively to select a guidelines sentence. We find nothing which imposes upon the trial court a duty to inform the defendant that he can choose guidelines sentencing upon conviction of a crime occurring prior to October 1, 1983. A defendant who is represented by counsel and has the opportunity to select the guidelines but does not do so waives that right. Johnson v. State, 453 So.2d 411 (Fla. 1st DCA 1984).
We are, however, concerned with the absence from the sentencing order of indication that Thrower, not having been sentenced pursuant to the guidelines, is entitled to eligibility for parole. We therefore remand this matter for the inclusion within the sentencing order of a notation that Thrower retains a parole right. Modification of the sentencing order consistent with this opinion does not require Thrower’s presence before the trial court.
SCHOONOVER, A.C.J., and LEHAN, J., concur.