PER CURIAM.
The appellant was charged with armed kidnapping, accessory after the fact and resisting an officer with violence to his person. After plea negotiations, the state reduced the charge to armed false imprisonment, accessory after the fact and resisting an officer with violence to his person, to which the defendant pled nolo. Upon the plea bargain, he was sentenced to a term of probation, which among other things contained a condition that required cooperation with the state in another prosecution. At the time of the plea colloquy, the trial court clearly indicated that if the cooperation was not forthcoming, the defendant could face up to 15 years. After the sentencing, the defendant failed to cooperate. A violation of probation was filed and the trial court sentenced the defendant to 7 years. This appeal ensued.
*1045 The contention is that the trial court improperly deviated from the guidelines. We find no merit. This is not a guidelines case, it is a plea bargain. The defendant received a sentence within that indicated at the time of the bargain in the event of default by the defendant, and we find no error and affirm. Williams v. State, 471 So.2d 201 (Fla. 2d DCA 1985); Johnson v. State, 458 So.2d 850 (Fla. 2d DCA 1984); Bell v. State, 453 So.2d 478 (Fla. 2d DCA 1984).
Therefore, for the reasons above stated, the order of revocation and sentence under review be and the same is hereby affirmed.
Affirmed.