SCHOONOVER, Acting Chief Judge.
Appellant, Robert Eugene Lingard, appeals from the sentence imposed upon him after he pled guilty to the offense of unlawful possession of cocaine. We are required to reverse and remand for resen-tencing within the guidelines.
On May 7, 1985, appellant, pursuant to a plea bargain, pled guilty as charged to the offense of possession of cocaine. The court agreed that, in exchange for the plea, appellant would be placed on probation if the information he gave concerning his criminal history were true, if he appeared for sentencing on June 17, 1985, and if he did not engage in further criminal activity. The appellant agreed that if he failed to meet any one of the three conditions, he would not have the right to withdraw his plea and the court could sentence him to the maximum sentence allowed by law.
The appellant failed to appear for sentencing on June 17, 1985, and a capias for his arrest was issued. He was arrested on December 6, 1985, and appeared before the court for sentencing on January 6, 1986. The court stated it was going to depart from the recommended guideline range of community control or twelve to thirty months imprisonment on the basis of the negotiated plea which allowed him to depart if appellant did not appear for sentencing. The court then sentenced appellant to serve five years in the state prison, the maximum sentence permitted by law. This timely appeal followed.
In Williams v. State, 471 So.2d 201 (Fla. 2d DCA 1985), this court held that if a defendant, as a condition of the acceptance of his plea, agrees to a departure from the presumptive guidelines sentence in the event he fails to appear for sentencing, the trial court may depart from the guidelines upon finding that the defendant’s failure to appear was willful and intentional. The supreme court, however, in Williams v. State, 500 So.2d 501 (Fla.1986), reversed our decision and held that a defendant’s failure to appear for sentencing, even if he has agreed to allow the court to depart form the presumptive sentence if he fails to appear, does not constitute a clear and convincing reason for departure. We are bound by this decision and, therefore, reverse and remand for resentencing within the guidelines.
Reversed and remanded.
HALL and THREADGILL, JJ., concur.