[No. A036846. First Dist., Div. One. Aug. 17, 1987.]

THE PEOPLE, Plaintiff and Respondent, v.
JAMES NELSON, Defendant and Appellant.

COUNSEL

Denise M. Schmidt, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, Laurence K. Sullivan and Thomas A. Brady, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

ELKINGTON, Acting P. J.—Defendant James Nelson (Nelson) and one James Buels were jointly charged with two counts of *possession for sale* of a controlled substance, one count of transportation or offering to sell such a substance, and one count of conspiracy to sell such a substance. In the course of a plea bargain, Nelson pleaded guilty to one count of possession for sale of the substance, and one count of transportation or offering to sell

such a substance. Upon announcement of the plea bargain, the court said it was inclined to impose a sentence of two years, and Nelson has conceded that he had "always known that this was the sentence which might be imposed." And as a result of the plea bargain the remainder of the charged counts was dismissed.

At the time set for Nelson's sentencing, his attorney pointed out that the codefendant Buels had been found guilty, and was granted probation conditioned upon a one-year term in the county jail. Although conceding that "Mr. Buels received very lenient treatment in the case," he argued that Nelson should "be similarly treated." The prosecutor objected, saying that Nelson's case was in "a different posture than Buels'." The court continued sentencing "to allow for review of the file."

On the continued date for sentencing the trial court, among other things, stated: "In making this sentencing choice, the court is denying probation based upon the nature and seriousness of the offense, the large amount of drugs involved, and although he may have been the underling . . ., he did occupy an active part in this transaction. I've selected the low term based on the defendant's lack of prior record. . . . I made a mistake with reference to sentencing Mr. Buels."

Nelson argued in the superior court, as he now does here, that: "A . . . policy, that in favor of plea negotiations, favors the equal treatment of similarly situated codefendants. Here, [Nelson] entered into a plea agreement whereby he pled guilty to Counts II and III . . . in exchange for receiving an indicated sentence of two years in state prison. His co-defendant who did not plea bargain or obtain an intended sentence, received a sentence equal to one-half the sentence received by the appellant. . . . Furthermore, [Nelson] here should not be bound by the plea agreement he entered into because to do so would not result in the administration of justice." (*Sic.*)

We disagree with Nelson's latter conclusion. "Well established is the rule that the People will be held strictly to the terms of a plea bargain made with a criminally accused. . . . It seems reasonable and just, at least where no public policy, or statutory or decisional or constitutional principle otherwise directs, that the accused also be held to his agreement." (*In re Troglin* (1975) 51 Cal.App.3d 434, 438 [124 Cal.Rptr. 234].) And: "When a defendant gains . . . relief from his vulnerability to sentence, the state is substantially deprived of the benefits for which it agreed to enter the bargain." (*People* v. *Collins* (1978) 21 Cal.3d 208, 215 [145 Cal.Rptr. 686, 577 P.2d 1026].)

■ Moreover, we may presume that upon "reviewing the files," the sentencing court reasonably concluded that the two-year lesser prison term was the proper punishment for Nelson's crimes. And granting that the court made "a mistake with reference to sentencing Mr. Buels," no reason appears why the mistake should be perpetuated and carried into the sentencing of Nelson.

■ And: " 'It is well established in the law that the severity of the sentence and the placing of defendant on probation rest in the sound discretion of the trial court. . . .' " (*In re Cortez* (1971) 6 Cal.3d 78, 85 [98 Cal.Rptr. 307, 490 P.2d 819].) ■ We discern no abuse of that discretion here.

Nor are we persuaded to a different result by the case of *Slater* v. *State* (Fla. 1975) 316 So.2d 539, relied upon by Nelson, where the triggerman of a murder case received a life sentence, while his less violent codefendant received a death sentence which the reviewing court reversed for disparity. *Slater* v. *State* was thereafter qualified by *Wilkinson* v. *State* (Fla. 1975) 322 So.2d 620, where the court said: "The appellants interpret *Slater* v. *State*, [*supra*], as holding that codefendants being found guilty of the same crime must be given the same sentence in all cases. *Slater* v. *State,* supra, is a unique situation and must be limited to the facts therein." (P. 622.)

The judgment is affirmed.

Holmdahl, J., and Rushing, J.,* concurred.

---

* Assigned by the Chairperson of the Judicial Council.