[No. B091112. Second Dist., Div. Seven. Oct. 2, 1996.]

THE PEOPLE, Plaintiff and Respondent, v.
MICHAEL A. CEPEDA, Defendant and Appellant.

**COUNSEL**

Juliana Drous, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, William T. Harter, Jaime L. Fuster and Kyle S. Brodie, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**WOODS, J.**—This is a second strike case. Michael A. Cepeda appeals from the judgment entered following his negotiated plea of no contest to possessing a controlled substance (Health & Saf. Code, § 11350, subd. (a)), with his admissions he had one "strike" (Pen. Code, § 667, subds. (b)-(i)) and he had two prior felony convictions for which he had served separate prison terms (Pen. Code, § 667.5, subd. (b)). Appellant belatedly obtained a certificate of probable cause. (Pen. Code, § 1237.5.) He contends: "I. The statute violates the separation of powers doctrine. II. Prior convictions previous to March 7, 1994 cannot be used as a strike prior. III. Appellant's sentence must be reversed because the 'Three Strikes' law under which it was imposed is unconstitutionally vague and fails to give adequate notice of the specific punishment to be imposed. IV. Sentencing under the 'Three Strikes' law is unconstitutionally cruel and unusual."

### FACTS

The information alleged appellant had three prior felony convictions which were serious felonies and therefore "strikes" within the meaning of the three strikes law (Pen. Code, § 667, subds. (b)-(i)) and alleged appellant had prior prison term enhancements (Pen. Code, § 667.5, subd. (b)). Arraignment was postponed and appellant filed a motion in the superior court to have the court exercise its discretion to strike the "strikes" pursuant to Penal Code section 1385, subdivision (a), and claimed the three strikes law was a violation of the doctrine of the separation of powers. It appears appellant never "made" this motion, and the court never issued a ruling on the motion.

At the subsequent arraignment on the information, appellant entered into a negotiated plea of no contest to the current possessing cocaine offense, admitted his prior robbery conviction was a "strike" and admitted two of his prior burglary convictions were one-year prison term priors under Penal Code section 667.5, subdivision (b). Appellant was promised an aggregate eight-year state prison term, consisting of a doubled upper term of three years, or six years, for the current offense, enhanced by two consecutive one-year terms for his two prior prison terms. In exchange for his plea, allegations of two prior residential burglary "strikes" and two prior prison term enhancements were to be stricken.[1] After entering his plea, appellant was sentenced to the second strike sentence he was promised.

---

[1]The allegations in the information were that the burglary convictions in People v. Cepeda (Super. Ct. L.A. County, Nos. A022979 and A023300) were "strikes" since these convictions involved residential burglaries. The "strike" appellant admitted was his 1989 robbery conviction.

Orally during the sentencing proceedings, the court did not dispose of the further "strike" allegations for the two alleged 1981 residential burglaries. The January 3, 1995, minute order for sentencing states: "All remaining priors are stricken for sentencing purposes only."

The probation report established the current offense was discovered when, on September 29, 1994, Long Beach police officers stopped five persons in an alley because one man apparently was drinking an alcoholic beverage. Appellant gave the officers consent to search him and, inside his baseball cap, the officers found two "rocks," which were 0.18 grams of a substance containing cocaine. At booking, officers found a cocaine pipe in appellant's shoe.[2]

## DISCUSSION

■ In *People* v. *Superior Court (Romero)* (1996) 13 Cal.4th 497, 530-531 [53 Cal.Rptr.2d 789, 917 P.2d 628] the California Supreme Court held a trial court has the authority under Penal Code section 1385 and the three strikes law to strike a "strike" "in the interests of justice." The trial court here apparently used its authority to strike two of the three "strike" priors alleged in the information pursuant to Penal Code section 1385 with the People's concurrence, but without the requisite written statement of reasons on the record and in the minute order. We cannot tell on this record whether the "strike" priors were dismissed because the People believed they could not prove the prior burglary convictions were prior serious felony convictions, or because the court, or the People, or both, wished to grant appellant leniency since his present offense was relatively minor and his criminal history was mild for a third strike offender. The conclusional entry in the

---

[2]The probation report contained appellant's criminal history. Appellant had:

(1) a 1981 burglary conviction, which appellant explained was residential (People v. Cepeda, *supra*, No. A022979);

(2) a 1981 burglary conviction, which appellant explained was an auto burglary (People v. Cepeda, *supra*, No. A023300);

(3) a 1981 or 1983 second degree burglary conviction, which appellant recalls was residential (People v. Cepeda (Super. Ct. L.A. County, No. A026610);

(4) a 1988 misdemeanor conviction for being under the influence of a controlled substance, followed by a prison term for a parole violation;

(5) a 1989 conviction for driving under the influence of alcohol and/or a drug;

(6) a 1989 conviction for robbery (People v. Cepeda (Super. Ct. L.A. County, No. A042743); and

(7) a 1994 misdemeanor conviction for driving under the influence of alcohol and/or a drug and being under the influence of a controlled substance.

The probation report indicated appellant served two-year prison terms following his 1981 and 1983 felony convictions and a seven-year prison term following his 1989 robbery conviction. Appellant denied he had previously participated in any rehabilitation program for his cocaine addiction.

minute order the residential burglary priors were struck "for sentencing purposes" does not comply with Penal Code section 1385, subdivision (a).

Appellant apparently wishes to have his plea bargain set aside so he can request the court to exercise its discretion to strike his remaining "strike." The People make no complaint in this appeal of any illegality in the proceedings, although it is not clear from the record exactly what the trial court was doing. Nevertheless, we will not set aside the plea bargain in this case. The People on appeal have urged no reversal is required since appellant has obtained the benefit of his plea bargain and is estopped from complaining on appeal about his sentence. We note this plea arose out of a plea bargain agreed to by appellant and the People, in which appellant pled guilty and admitted only certain prior conviction allegations and there was a specified sentence. After the plea, the court sentenced appellant to eight years, as agreed in the plea negotiations. Appellant obtained a considerable advantage by the plea bargain. Appellant was treated as a second strike offender, instead of a third-strike offender, since two of his three "strikes" were dismissed upon a motion by the People. (Pen. Code, § 667, subd. (f)(2).) His sentence for the robbery, exclusive of the two years for his prior prison term enhancements, was a doubled three-year term, or six years in state prison, in lieu of the indeterminate life term he would have obtained as a third strike offender. His fate in avoiding treatment as a third strike offender was secured and whether he would serve a life term was no longer dependent upon the later decision in *People* v. *Superior Court (Romero)*, *supra*. Indeed, appellant may have done better by this plea bargain than if his fate was left to the trial court after the later decision in *Romero*.

*People* v. *Nguyen* (1993) 13 Cal.App.4th 114 [16 Cal.Rptr.2d 490] explained: "Where defendants have pleaded guilty in return for a specified sentence, appellate courts are not inclined to find error even though the trial court acts in excess of jurisdiction in reaching that figure, as long as the court does not lack fundamental jurisdiction. (*People* v. *Jones* [(1989)] 210 Cal.App.3d 124, 132-136 [258 Cal.Rptr. 294] [defendant estopped from arguing improper dual imposition of enhancement]; see also *People* v. *Beebe* (1989) 216 Cal.App.3d 927, 932-933 . . . [defendant was estopped from withdrawing from plea bargain where 'straight' felony would be reduced to misdemeanor]; *People* v. *Olson* [(1989)] 216 Cal.App.3d 601, 603 [264 Cal.Rptr. 817] [court declines to redress dual-use-of-facts error].) The rationale behind this policy is that defendants who have received the benefit of their bargain should not be allowed to 'trifle with the courts' by attempting to better the bargain through the appellate process. (*People* v. *Beebe*, *supra*, 216 Cal.App.3d at p. 932.)" (*Id.* at pp. 122-123.)

We think, in this instance in conformity with the rule in *People* v. *Nguyen*, appellant is estopped from complaining he is entitled to a *Romero* remand

for resentencing. (See also *People* v. *Walker* (1991) 54 Cal.3d 1013, 1024 [1 Cal.Rptr.2d 902, 819 P.2d 861]; *People* v. *Panizzon* (1996) 13 Cal.4th 68, 80 [51 Cal.Rptr.2d 851, 913 P.2d 1061]; *In re Troglin* (1975) 51 Cal.App.3d 434, 438 [124 Cal.Rptr. 234]; *People* v. *Nelson* (1987) 194 Cal.App.3d 77, 79-80 [239 Cal.Rptr. 287].) Furthermore, the plea bargain accomplished everything appellant could have hoped for had the trial court exercised its own discretion instead of following the People's lead by agreeing to dismiss two prior "strike" convictions. We will remand, however, for the sole purpose of permitting the trial court to indicate in writing in the minute order whether the court dismissed the prior convictions under Penal Code section 667, subdivision (f)'s provision for a dismissal on grounds of insufficient evidence or by reason the dismissal was "in furtherance of justice," and, if the latter, to comply with the requirements of Penal Code section 1385.

As to the other contentions appellant raises, after *Romero* there is no need to address the contention of the constitutional doctrine of separation of powers. The aggregate eight-year term imposed, consisting of a doubled three-year term for possessing the cocaine and two years for appellant's prior prison term enhancements, was not grossly disproportionate to the current offense when viewed in light of his individual circumstances and criminal history and does not constitute cruel and unusual punishment in violation of the Eighth Amendment. (*People* v. *Cartwright* (1995) 39 Cal.App.4th 1123, 1134-1137 [46 Cal.Rptr.2d 351]; cf. *Harmelin* v. *Michigan* (1991) 501 U.S. 957, 965 [115 L.Ed.2d 836, 845-846, 111 S.Ct. 2680]; *Rummel* v. *Estelle* (1980) 445 U.S. 263, 284-285 [63 L.Ed.2d 382, 397-398, 100 S.Ct. 1133].) Also, the punishment was not "so disproportionate to the crime for which it is inflicted that it shocks the conscience and offends fundamental notions of human dignity." (*In re Lynch* (1972) 8 Cal.3d 410, 424 [105 Cal.Rptr. 217, 503 P.2d 921]; see also *People* v. *Dillon* (1983) 34 Cal.3d 441, 477-478 [194 Cal.Rptr. 390, 668 P.2d 697]; *People* v. *Weddle* (1991) 1 Cal.App.4th 1190, 1195-1198 [2 Cal.Rptr.2d 714].) The contention the prior serious felonies do not qualify as "strikes" since they antedate the three strikes law's enactment and the three strikes law is unconstitutionally vague and fails to give adequate notice of the specific punishment imposed are familiar ones and have been rejected by this court in other decisions. (E.g., *People* v. *Hamilton* (1995) 40 Cal.App.4th 1615, 1617-1619 [47 Cal.Rptr.2d 749].) We again reject these contentions.

DISPOSITION

The judgment is affirmed, but the matter is remanded for the trial court to state its reasons in the minute order for the dismissal of prior convictions in

conformity with Penal Code section 667, subdivision (f)(2) and Penal Code section 1385.

Lillie, P. J., concurred. Johnson, J., concurred in the judgment.