Filed 10/8/13  P. v. Chavez CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E058687 |
| v. | (Super.Ct.No. FVI03804) |
| MICHAEL EDWARD CHAVEZ, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Michael A. Smith, Judge.  (Retired judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Leslie Ann Rose, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Michael Edward Chavez was charged by information with first degree residential burglary (Pen. Code, § 459, count 1)[1], robbery (§ 211, counts 2 & 3), and false imprisonment by violence (§ 236, counts 4 & 5). The information also alleged that he had two prior strike convictions. (§§ 1170.12, subds. (a)-(d) and 667, subds. (b)-(i).) Defendant entered a plea agreement and pled guilty to count 1 and admitted the two prior strikes. In accordance with the plea agreement, the court sentenced him to 25 years to life in state prison and dismissed the remaining counts.

Defendant filed a petition for resentencing under section 1170.126, known as the Three Strikes Reform Act of 2012 (Prop. 36, as approved by voters, Gen. Elec. (Nov. 7, 2012)). The trial court denied the petition.

Defendant filed a timely notice of appeal. We affirm.

PROCEDURAL BACKGROUND

On March 5, 1996, pursuant to a plea agreement, defendant pled guilty to first degree residential burglary (§ 459) and admitted two prior strike convictions (§§ 1170.12, subds. (a)-(d) & 667, subds. (b)-(i)). The court sentenced him to state prison for 25 years to life in accordance with the agreement.

On January 22, 2013, defendant, in pro. per., filed a petition for resentencing under section 1170.126. On March 14, 2013, the court denied the petition since

---

[1] All further statutory references will be to the Penal Code, unless otherwise indicated.

2

defendant's current conviction was for a serious offense, which made him ineligible for resentencing under section 1170.126. (§ 1170.126, subd. (e)(1).)

## ANALYSIS

After the notice of appeal was filed, this court appointed counsel to represent defendant. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, a brief statement of the facts, and identifying one potential arguable issue: whether the trial court erred in denying defendant's petition for resentencing under section 1170.126.

Defendant was offered an opportunity to file a personal supplemental brief, which he has done. In his brief, defendant first asserts that his two prior strike convictions were for assault with a firearm (§ 245, subd. (a)(2)), which "can be committed in multiple ways and . . . because the record does not disclose how the offense(s) were committed[,] the court must presume the convictions[s] [were] for the least serious form of the offense." Defendant goes on to contend that the prosecution "did not satisfy the elements of a recidivist statute enhancement," citing *People v. Delgado* (2008) 43 Cal.4th 1059. Defendant appears to be arguing that the prosecution failed to establish that his prior assault convictions qualified as serious felonies under the Three Strikes law. (See *Id*. at pp. 1065-1066.) Defendant's claim is meritless. He admitted that he suffered two prior strike convictions for assault with a firearm. (§ 245, subd. (a)(2).) Moreover, assault with a firearm is a serious felony. (§ 1192.7, subd. (c)(31).)

Defendant next asserts that he never had a hearing pursuant to *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*). He now requests that we remand the matter for such hearing to be held. Defendant apparently wishes to have his plea agreement set aside so he can request the trial court to exercise its discretion to strike his prior strikes. We note that defendant's plea arose out of a plea bargain agreed to by him and the People, in which he pled guilty, admitted his two prior strike convictions, and agreed to the term of 25 years to life. The court sentenced defendant to 25 years to life in accordance with the agreement. We conclude that "defendant's express agreement to imposition of a [25-year-to-life] term precludes a remand for the purpose of obtaining a lesser term by virtue of the trial court's striking of [a] prior offense." (*People v. Cunningham* (1996) 49 Cal.App.4th 1044, 1048; see also *People v. Cepeda* (1996) 49 Cal.App.4th 1235, 1239-1240[2] [appellant was estopped from complaining that he was entitled to a *Romero* remand for resentencing, since he had entered a plea bargain].)

Under *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record and find no arguable issues.

---

[2] Overruled on other grounds as stated in *People v. Mendez* (1999) 19 Cal.4th 1084, 1097-1098.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

HOLLENHORST
Acting P. J.

We concur:

McKINSTER
J.

MILLER
J.