PER CURIAM.
By this belated appeal, see Baggett v. Wainwright, 229 So.2d 239 (Fla.1969), we are asked to review a final judgment of conviction and sentence imposed by the trial court dated November 5, 1979. We reverse on the ground that the trial court had no jurisdiction to enter this judgment of conviction and sentence.
Our review of the record reveals that a prior judgment of conviction and sentence *1179 dated August 2, 1979 was imposed in this cause, which sentence was later orally vacated by the trial court and the present judgment and sentence entered. The latter sentence under review considerably aggravates the prior vacated sentence ostensibly on the basis that the defendant David Scott violated a plea negotiation condition by failing to appear in court on a certain date to begin serving his August 2, 1979 sentence which had been expressly stayed until that date. Without determining whether the defendant’s asserted violation of that plea condition was involuntary because his subsequent arrest on a non-support charge in another county made it impossible for him to appear in court as scheduled, we think it plain that the court had no jurisdiction, in any event, to vacate and aggravate the previously imposed August 2, 1979 sentence because to do so constituted a violation of the defendant’s double jeopardy rights. Troupe v. Rowe, 283 So.2d 857 (Fla.1973); Gonzalez v. State, 384 So.2d 57 (Fla. 4th DCA 1980); Flowers v. State, 351 So.2d 387 (Fla. 1st DCA 1977); see also Royal v. State, 389 So.2d 696 (Fla. 2d DCA 1980). The August 2,1979 judgment of conviction and sentence was complete in itself and was legally incapable of being subject to a condition subsequent; it could not, therefore, be later vacated for an alleged failure to perform a future act in compliance with a plea negotiation agreement. See e.g., Buckbee v. State, 378 So.2d 39 (Fla. 3d DCA 1979), cert. denied, 388 So.2d 1118 (Fla.1980).
The judgment of conviction and sentence under review is reversed and the cause is remanded to the trial court with directions to reinstate the August 2,1979 judgment of conviction and sentence previously entered in this cause.