PER CURIAM.
Defendant entered a negotiated plea to charges of burglary of a dwelling and grand theft, and was sentenced to concurrent seven- and five-year terms of imprisonment. After the sentence was entered defendant requested a fourteen-day stay of execution in order to straighten out personal affairs. The court granted the stay on a condition, which was accepted by the defendant, that the negotiated sentence would be vacated and the maximum twenty-year sentence imposed if the defendant failed to report at the end of the stay period. During the period of the stay the court entered a final judgment of conviction and sentence for the seven- and five-year concurrent sentences pursuant to the negotiated plea. The judgment did not re- *1194 fleet the condition that the negotiated sentence could be vacated and the maximum sentence imposed if the defendant failed to appear. The defendant failed to appear as required by the stay agreement. When he was subsequently apprehended, the agreed-to sentence was vacated and the maximum sentence imposed in an informal proceeding where defendant was not represented by counsel.
We agree with appellant that this case is controlled by Scott v. State, 419 So.2d 1178 (Fla. 3d DCA 1982) where we held, on similar facts, that enhancement of a negotiated sentence for failure to perform according to a condition subsequent constituted a double jeopardy violation.[1] The policy reasons advanced by the State for affirming the trial court are unpersuasive. There are other means, not constitutionally prohibited, of accomplishing the same end. Further, willful noncompliance with the stay condition could be the subject of a separate criminal charge.
Reversed and remanded with instructions to reinstate the original sentence.

. We receded from Scott in Rodriguez v. State, 441 So.2d 1129, 1136 (Fla. 3d DCA 1983) (en banc rehearing), rev. denied, 451 So.2d 850 (Fla. 1984) only to the extent that Scott held that the double jeopardy bar also precluded the exercise of subject matter jurisdiction.