578 So.2d 514 (1991)
James WALKER, Appellant,
v.
The STATE of Florida, Appellee.
No. 90-445.
District Court of Appeal of Florida, Third District.
April 30, 1991.
Bennett H. Brummer, Public Defender and N. Joseph Durant, Jr., Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Ivy R. Ginsberg, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and JORGENSON and GODERICH, JJ.
*515 PER CURIAM.
Walker pled no contest to several felony charges in return for a four year sentence. He received a two week furlough prior to the formal sentencing on the condition, to which he specifically agreed, that if he did not surrender on the appointed date or he was charged with an additional offense, he could be sentenced to up to forty-five years in the state prison. In the event, he did not appear at the appropriate time and he was charged with a new offense, that of possession of a stolen vehicle. Accordingly, he was sentenced to thirty years in prison, a term far beyond the guidelines. We agree with the state that the appellant's apparent breach of his specific plea agreement would justify the upward departure of the sentence which was imposed below. See Quarterman v. State, 527 So.2d 1380 (Fla. 1988). The brevity of the proceedings at the actual sentencing, however, make it impossible to determine whether his absence was excusable "if, for example, he had been ill or, as is intimated but not developed in the record, had been unjustifiably arrested." Harris v. State, 524 So.2d 1104, 1105 (Fla. 3d DCA 1988); see Parker v. State, 465 So.2d 1361 (Fla. 1st DCA 1985). We therefore vacate the sentence and remand for further proceedings solely to determine these issues. If no excuse for non-attendance and no unjustifiable arrest are established after remand, the thirty-year sentence shall be reimposed.