PER CURIAM.
James Walker, the defendant, was convicted on several felony charges, after a plea of no contest, and received a sentence of four years incarceration. The defendant entered into a specific plea agreement with the trial court, whereby he received a two week furlough prior to formal sentencing on the condition that, if the defendant failed to return on time or came back with any new charges, his sentence could be increased to 45 years. The defendant was charged with a new offense of possession of a stolen car during the furlough period, and failed to appear on the appointed date. The trial court increased the defendant’s sentence to 30 years, and the defendant appealed to this Court. On appeal, this Court reversed the sentence and remanded the case back to the trial court to hold an evidentiary hearing in order to determine whether the defendant’s failure to appear was excusable. See Walker v. State, 578 So.2d 514 (Fla. 3rd DCA 1991).
At the evidentiary hearing mandated by this Court, the only sworn testimony presented was that of the defendant, who denied stealing the ear, and stated that he was in the car because a woman was giving him a ride to the hospital to treat his infected finger. The defendant insisted that he was unable to drive the car because of his infected finger. The State admitted that the theft charge was eventually nolle prossed. The trial court then read the arrest form which stated that the police spotted an empty parked stolen car, and had observed the defendant entering the car and driving away. After noting that an information was filed in the theft case, the trial court resentenced the defendant in the present case to 30 years in prison.
Once again, we vacate the sentence and remand to the trial court with directions to hold an evidentiary hearing. At this evi-dentiary hearing, we direct the trial court to not only receive any testimony that the defendant may offer regarding his alleged defense to the new theft charge, but to also receive the testimony of the arresting officer and any other witnesses who have knowledge relating to the correctness of that charge, and to also consider the bearing, if any, that the nolle pros has to the correctness of the arrest. Once again, if the trial court should determine that there was no excuse for the defendant’s failure to appear, the trial court is free to reimpose the thirty-year sentence based upon the defendant’s violation of the conditions set forth in the plea agreement. See Quarterman v. State, 527 So.2d 1380 (Fla.1988).
Reversed and remanded with directions.