615 So.2d 754 (1993)
Lorenzo Alfred JENKINS, Appellant,
v.
The STATE of Florida, Appellee.
No. 92-830.
District Court of Appeal of Florida, Third District.
March 2, 1993.
Bennett H. Brummer, Public Defender, and N. Joseph Durant, Jr., Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Consuelo Maingot, Asst. Atty. Gen., for appellee.
Before BARKDULL, COPE and LEVY, JJ.
PER CURIAM.
Lorenzo Jenkins appeals an order on his motion to correct illegal sentence under Florida Rule of Criminal Procedure 3.800(a). The trial court granted relief in part by reducing the sentence to the legal maximum of 15 years. That ruling is entirely correct.
On this appeal Jenkins argues that he should have been granted further relief below in the form of a hearing under Walker v. State, 578 So.2d 514 (Fla. 3d DCA 1991); see also Walker v. State, 599 So.2d 233 (Fla.3d DCA 1992) (appeal after remand). In the present case Jenkins entered a plea agreement pursuant to which he was sentenced to a 15-year term and granted a furlough for several days. At the end of the furlough he was to appear in court, at which time he was to be resentenced to 4 years pursuant to the plea agreement. However, if Jenkins committed any law violation during the furlough, or failed to appear for resentencing, then the 15-year sentence would stand unchanged.[*] Jenkins was arrested for an armed robbery committed during the furlough, and as he was in custody on that charge, did not appear for resentencing. *755 The 15-year sentence therefore remained unchanged. Subsequently, the armed robbery case was no-actioned because the State could not locate the witnesses.
Jenkins now contends that he was entitled to a hearing under Walker v. State so that he could have an opportunity to show that his arrest was not justified. See 578 So.2d at 515. In our view this part of Jenkins' claim is not cognizable on a motion under Florida Rule of Criminal Procedure 3.800, but must instead be made under Rule 3.850. See Judge v. State, 596 So.2d 73 (Fla. 2d DCA) (en banc), review denied, 613 So.2d 5, No. 79,880 (Fla. Dec. 11, 1992). The order under review is therefore affirmed without prejudice to Jenkins to file an appropriate Rule 3.850 motion, if he has grounds to do so. Any such motion must, however, be sworn and must set forth the factual basis on which Jenkins contends he is entitled to relief under Walker v. State. We express no view on the merits of any such motion.
Affirmed.
NOTES
[*] The 15-year sentence was incorrectly recorded as a 17-year sentence. The order under review reduced the sentence to the legal maximum of 15 years.