PER CURIAM.
Vincent B. Clark appeals an order denying his motion for post-conviction relief under Florida Rule of Criminal Procedure 3.850. Defendant pled nolo contendere to trafficking in cocaine. He was sentenced to a twelve year term, with a three year mandatory minimum sentence. He was granted a furlough. It was agreed that his sentence would be mitigated to a three year mandatory minimum upon his surrender in open court on March 9, 1990. Defendant failed to surrender on March 9, 1990 and was apprehended two years later, on March 4, 1992.
The sentence in the present case is like that imposed in Jenkins v. State, 615 So.2d 754 (Fla. 3d DCA 1993). As stated there, the only ground for relief would be if defendant could establish that his failure to report on the surrender date was because he was physically unable to surrender through no fault of his own. Defendant’s motion for post-conviction relief sets forth no such circumstances. The order denying post-conviction relief is therefore AFFIRMED.*

 Defendant’s reliance on Scott v. State, 419 So.2d 1178 (Fla. 3d DCA 1982), receded from, Rodriguez v. State, 441 So.2d 1129 (Fla. 3d DCA 1983) (en banc), review denied, 451 So.2d 850 (Fla. 1984), is misplaced. Defendant’s sentence is not like that imposed in Scott, and even if it were, Scott was receded from in Rodriguez.