480 So.2d 223 (1985)
Joseph MONTI, Appellant,
v.
STATE of Florida, Appellee.
No. 85-612.
District Court of Appeal of Florida, Fifth District.
December 26, 1985.
James B. Gibson, Public Defender, and Kenneth Witts, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Belle B. Turner, Asst. Atty. Gen., Daytona Beach, for appellee.
COBB, Chief Judge.
Joseph Monti appeals his sentence of five years' incarceration resulting from his conviction for carrying a concealed weapon. Monti's recommended guideline sentence was any nonstate prison sanction. The lower court elected to deviate from the recommended sentence to the statutory maximum of five years.
The trial court gave two reasons for departure. The first was that Monti failed to appear at his PSI interviews and at sentencing. Although this court has not addressed the issue, both the First and the Second Districts have held that a failure to appear, standing alone, is not a sufficient basis for departure. See Parker v. State, 465 So.2d 1361 (Fla. 1st DCA 1985); Williams v. State, 471 So.2d 201 (Fla. 2d DCA 1985). No rationale for this holding has been given by the First and Second Districts. This court agrees on the basis that failure to appear amounts to criminal contempt. Here, a conviction was not obtained for criminal contempt. It is impermissible to deviate from the guidelines based upon a crime for which the defendant has not been convicted. See Florida Rule of Criminal Procedure 3.701(d)(11). If a conviction had been obtained, it still would not be a proper basis for departure, as it would then properly be included in the score sheet. See Hendrix v. State, 475 So.2d 1218 (Fla. 1985). Thus, the trial court was incorrect in using Monti's failure to appear as a basis for departing from the guideline sentence.
Additionally, the trial court was incorrect in using Monti's violation of probation as a *224 basis for departure. Although a violation of probation may justify a one-cell increase under the sentencing guidelines (see Rule 3.701(d)(14)), it will not substantiate a greater increase unless supported by additional valid reasons for departure. See Boldes v. State, 475 So.2d 1356 (Fla. 5th DCA 1985). As neither reason for deviation is valid, this case is remanded with instructions to the lower court to sentence Monti within the guidelines.
REVERSED and REMANDED.
UPCHURCH and SHARP, JJ., concur.