500 So.2d 501 (1986)
Barry Allan WILLIAMS, Petitioner,
v.
STATE of Florida, Respondent.
No. 67369.
Supreme Court of Florida.
December 24, 1986.
Robert C. Hill, Fort Myers, for petitioner.
Jim Smith, Atty. Gen., and Robert J. Krauss, Asst. Atty. Gen., Tampa, for respondent.
BARKETT, Justice.
We have for review Williams v. State, 471 So.2d 201 (Fla. 2d DCA 1985), because of direct and express conflict with Monti v. State, 480 So.2d 223 (Fla. 5th DCA 1985). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const. We quash the decision below and remand for resentencing.
Barry Allan Williams was charged with burglary of a dwelling and two counts of grand theft. The crimes were committed in January 1984. He pled guilty to the burglary charge, to one of the grand theft charges, and to a charge of petit theft in connection with the second grand theft charge under an agreement with the state.
At the plea hearing, the trial judge informed Williams that he would be sentenced within the guidelines under three conditions: 1) that his criminal record was *502 what he said it was; 2) that he reappear for sentencing on July 20, 1984; and 3) that he refrain from engaging in any further criminal activity. Williams agreed to these three conditions and was released on his own recognizance. He failed to appear for sentencing on July 20, and an arrest warrant was issued. Williams was found in Texas and returned to Florida on October 10, 1984.
A sentencing hearing was held on November 13, 1984. Under the guidelines, Williams' recommended sentence was any nonstate prison sanction. The judge adjudicated Williams guilty and sentenced him outside the guidelines to serve concurrent terms of fifteen years on the burglary charge, five years on the grand theft charge, and sixty days on the petit theft charge. The district court upheld the trial court's departure from the guidelines.
Under section 921.001(4)(a), Florida Statutes (1985), and Florida Rule of Criminal Procedure 3.701(d)(11), a trial judge is obligated to sentence within the guidelines unless he gives clear and convincing reasons for departure. In the sentencing order in this case, the reason given for departure was that "... DEFENDANT DID NOT APPEAR FOR SENTENCING ON JULY 20, 1984." Accordingly, the issue presented is whether a defendant's failure to appear for sentencing constitutes a clear and convincing reason for departure from the guidelines.
Although the decision under review approves departure for this reason, the Fifth District in Monti expresses an opposing view. In Monti, the appellate court reversed a departure sentence based on the defendant's failure to appear at sentencing, noting that it is impermissible to deviate from the guidelines based upon a crime for which the defendant has not been convicted. See Fla.R.Crim.P. 3.701(d)(11). The court then reasoned that because the defendant in that case had not been convicted of failure to appear, the trial court improperly departed from the recommended sentence. Moreover, as the court pointed out in Monti, had a conviction been obtained, it would be considered in computing the guidelines score and, thus, could not justify departure.
Without expressing a rationale, the First District in Harms v. State, 454 So.2d 689 (Fla. 1st DCA 1984), review denied, 461 So.2d 116 (Fla. 1985), and Parker v. State, 465 So.2d 1361 (Fla. 1st DCA 1985), has also held that a sentencing court cannot deny application of the sentencing guidelines based solely on a defendant's failure to appear.
The court below based its holding to the contrary on the fact that Williams acquiesced to the conditions imposed by the trial court as a prerequisite to the court's compliance with the sentencing guidelines law. We hold that departing from the guidelines because a defendant has failed to appear is not permissible as it does not constitute a clear and convincing reason for departure. Moreover, we hold that a defendant's acquiescence cannot confer authority on the court for such departure.
We are, first of all, persuaded by the rationale of the Fifth District in Monti Failure to appear for sentencing as required in a criminal case is itself a criminal offense violating section 843.15, Florida Statutes (1985),[1] and specifically punishable by up to five years in prison. See §§ 843.15(1)(a), 775.082(3)(d), Fla. Stat. (1985). Thus, had the defendant been tried and found guilty of failing to appear for sentencing, any sentence in excess of five years would have been an illegal one. *503 Were we to permit the deviation from the guidelines because of a defendant's failure to appear, we would, in essence, be circumventing the legislatively established punishment of five years by eliminating the trial. With a trial, a defendant could be sentenced to only five years. Without a trial, he could be sentenced to any period within the statutory maximum (for all his pending offenses) that the judge might (arbitrarily) choose[2] without any hope of parole.[3] Such a Kafkaesque situation cannot be permitted. As the Monti court correctly concludes, permitting departures for an offense for which a defendant has not been convicted is clearly prohibited by Florida Rule of Criminal Procedure 3.701(d)(11).
Nor are we persuaded that the defendant's "acquiescence" to the conditions imposed by the trial judge makes a difference. A trial court cannot impose an illegal sentence pursuant to a plea bargain. See Robbins v. State, 413 So.2d 840 (Fla. 3d DCA 1982) (appellate review is always available where a court has imposed an illegal sentence, even if the judgment and sentence resulted from a guilty plea); Smith v. State, 358 So.2d 1164 (Fla. 2d DCA 1978) (appellant may appeal from an illegal sentence even when he has entered a guilty plea). Similarly, a trial court cannot make the failure to appear a proper basis for departure by simply conditioning acceptance of a guilty plea upon the defendant's agreement to accept a departure sentence if he fails to appear. A defendant cannot by agreement confer on the court the authority to impose an illegal sentence. If a departure is not supported by clear and convincing reasons, the mere fact that a defendant agrees to it does not make it a legal sentence.
Accordingly, we quash the decision below and remand for resentencing in accordance with this opinion.
It is so ordered.
McDONALD, C.J., and ADKINS, BOYD, EHRLICH and SHAW, JJ., concur.
OVERTON, J., dissents with an opinion.
OVERTON, Justice, dissenting.
I would hold that failure to appear for sentencing is a valid reason for departure. Under the circumstances of this case, I would limit the departure sentence to five years, the maximum sentence that could be imposed for failure to appear for sentencing.
NOTES
[1] Section 843.15, Florida Statutes (1985), provides in part:

(1) Whoever, having been released pursuant to chapter 903, willfully fails to appear before any court or judicial officer as required shall incur a forfeiture of any security which was given or pledged for his release and, in addition, shall:
(a) If he was released in connection with a charge of felony or while awaiting sentence or pending review by certiorari after conviction of any offense, be guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084....
[2] Chapter 86-273, section 1, Laws of Florida, amends section 921.001(5), Florida Statutes, to provide that "[t]he extent of departure from a guideline sentence shall not be subject to appellate review."
[3] Section 921.001(8), Florida Statutes (1985), provides that prisoners sentenced under the guidelines are no longer eligible for parole.