PER CURIAM.
This is an appeal by John Anderson of his departure sentence of two concurrent sixty-year terms of imprisonment imposed pursuant to a negotiated guilty plea. We reverse the sentence since it is evident from the record that the terms of the negotiated plea are contradictory and ambiguous.
The circuit court in Monroe County utilizes a printed form for plea agreements. The form completed by Anderson contained contradictory provisions regarding the permissible sentence to be imposed pursuant to this guilty plea. Paragraph 5 stated in relevant part: “b. (X) The parties have agreed: That the Court may, but need not, depart from the Sentencing Guidelines without stating clear and convincing reasons therefore.” Paragraph 8 provided to the contrary:
8. I understand my sentence will be imposed under the Sentencing Guidelines. A presumptive sentence will be determined based upon certain factors. The Court can exceed this presumptive sentence and impose up to the maximum of Life on each Count by stating clear and convincing reasons. If the Sentencing Guideline range is exceeded, I will have the right to appeal my sentence.
The plea colloquy by the trial court further compounded the conflict between these provisions since the trial court obviously elected to be guided solely by paragraph 5. The court’s reliance upon paragraph 5 is evident from the following excerpt from the plea colloquy:
THE COURT: Mr. Anderson, under the terms of this plea, you are offering to plead guilty to the offense of murder *776 in the second degree with a firearm, a lesser included offense of that which you have been charged with by indictment— murder in the first degree. And you are offering to plead guilty to the offense of robbery with a firearm as charged by information in the same case.
In return for that plea is that the Court may — but need not — depart from the sentencing guidelines without stating clear and convincing reasons.
Essentially, you are giving up your right to appeal your sentence should I sentence you outside the uniform sentencing guidelines; do you understand?
The trial court subsequently imposed a departure sentence without stating its reasons in writing. Because the sentence imposed was predicated on the ambiguous plea agreement, the sentence must be reversed. Anderson’s alleged consent to the departure sentence is of no significance. See Williams v. State, 500 So.2d 501 (Fla.1986) (trial court could not impose illegal sentence pursuant to plea bargain although defendant had agreed to departure sentence).
This case is remanded to the trial court with directions to establish unequivocally the correct terms of the negotiated plea. If this alternative is not feasible, Anderson may withdraw his plea and stand trial.
Reversed and remanded.