BOARDMAN, EDWARD F., (Ret.) Judge.
The appellant, Neal Smith, seeks review of the trial court’s imposition of a departure sentence after he pleaded guilty to burglary of a structure and grand theft. We affirm Smith’s conviction, but remand for resentencing within the guidelines.
At the plea hearing, the trial court placed the following conditions on sentencing Smith within the guidelines recommended range of any nonstate prison sanction:
1. That the Defendant be truthful concerning his prior criminal history.
2. That the Defendant appear for sentencing on 20 January 1986 at 9:30 A.M.
3. That the Defendant engage in no additional criminal activity.
Smith failed to be present at the scheduled sentencing hearing. At a subsequent proceeding, the trial court sentenced Smith outside the guidelines to five years’ incarceration on each offense, to run concurrently. The trial court entered a written order stating as its reason for departure Smith’s failure to abide by the agreed-upon conditions, i.e., that Smith did not appear for sentencing and was untruthful to the court regarding his correct name and prior criminal history.
The trial court cannot impose an otherwise illegal sentence by virtue of Smith’s agreement. Williams v. State, 500 So.2d 501 (Fla.1986). Here, the trial court’s departure from the guidelines was not supported by clear and convincing reasons. See Denson v. State, 493 So.2d 60 (Fla. 2d DCA 1986) (defendant’s untruthfulness during sentencing is not a valid reason for departure); Williams, 500 So.2d at 502 (defendant’s failure to appear at sentencing does not constitute a clear and convincing ground for departure); Trainor v. State, 468 So.2d 484 (Fla. 2d DCA 1985) (offenses for which no convictions have been obtained cannot form a valid basis to deviate from the guidelines).
In accordance with Williams, therefore, we remand this cause for the imposition of the guidelines recommended sentence.
DANAHY, C.J., and LEHAN, J., concur.