LEHAN, Judge.
Defendant appeals from the following sentences: thirty months incarceration for grand theft after defendant’s violation of probation which had been imposed for the grand theft offense and, consecutive to the foregoing thirty months, two concurrent sentences of thirty months incarceration for possession of a controlled substance and carrying a concealed weapon.
Defendant contends that these sentences constituted improper departures from the sentencing guidelines. Defendant’s argument is that the trial court improperly used as his reason for departure defendant’s violation of a condition of release. That violation consisted of defendant, contrary to the trial court’s directions, having failed to report to the probation officer for a PSI interview. Citing and quoting from Williams v. State, 500 So.2d 501, 503 (Fla.1986), defendant argues that “a trial court cannot make the failure to appear a proper basis for departure by simply conditioning acceptance of a guilty plea upon the defendant’s agreement to accept a departure sentence if he fails to appear.” We reverse.
This case does not involve the type of situation involved in Williams. In this case, as defendant also points out, the trial court did not condition acceptance of defendant’s plea upon defendant’s agreement to accept a departure sentence if defendant failed to appear for the PSI interview as the trial court had directed. Defendant’s plea had already been accepted when the trial court so directed. Thus, even if a departure based upon a defendant’s violation of a plea agreement of the type involved in Williams would be justified (and Williams held it was not), the departure here was unjustified. This case seems more factually akin to Monti v. State, 480 So.2d 223 (Fla. 5th DCA 1985), which was cited with approval in Williams, which apparently did not involve a plea agreement, and which held that an improper reason for departure from the guidelines was defendant’s violation of a condition of release that defendant appear for PSI interviews and sentencing. The Monti rationale was that failure to so appear constitutes criminal contempt and that “[i]t is impermissible to deviate from the guidelines based upon a crime for which the defendant has not been convicted.” Id.
*373 But in reversing we need not reach the issue involved in Monti, the rationale of which was adopted by Williams. The departure sentences in this case were improper because the record does not reflect any written reason therefor. While the trial court’s verbal statements at the sentencing hearing could be taken as indicating the type of reason found in Williams to be invalid whether or not there was a plea agreement, the trial court did not reduce to writing that reason, nor, as we have said, does it appear that the trial court gave any written reason. This was error. See, e.g., State v. Hill, 492 So.2d 1072 (Fla.1986); Boynton v. State, 473 So.2d 703 (Fla. 4th DCA), approved, 478 So.2d 351 (Fla.1985).
Accordingly, we reverse and remand for resentencing within the guidelines recommended range.
SCHEB, A.C.J., and SCHOONOVER, J., concur.