525 So.2d 924 (1988)
Loylin KING, Appellant,
v.
The STATE of Florida, Appellee.
No. 86-2653.
District Court of Appeal of Florida, Third District.
May 3, 1988.
Rehearing Denied June 15, 1988.
*925 Bennett H. Brummer, Public Defender, and Barbara Green, Sp. Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Debora J. Turner, Asst. Atty. Gen., for appellee.
Before BARKDULL, NESBITT and JORGENSON, JJ.
JORGENSON, Judge.
Loylin King appeals his conviction and sentence for the offense of burglary of an occupied dwelling. We affirm in part and reverse in part.
During his jury trial, King argued that he was merely the middleman in a drug deal between his companions and John Hadley who, according to King, was a known drug dealer. King testified that he was unaware of his companions' plan to burglarize Hadley's home and rob its occupants. Hadley, the state's key witness, denied dealing drugs or knowing King. King's defense theory was that Hadley was lying to conceal his own drug dealing. King attempted to impeach Hadley on cross-examination by focusing on Hadley's pretrial deposition. During his deposition, Hadley had asserted his fifth amendment privilege against self-incrimination when questioned about drug-related activities. The trial court restricted King from further inquiries about Hadley's invoking the privilege or his status as a drug dealer.
King asserts on appeal, inter alia, that the restriction on his ability to attack Hadley's credibility violated his sixth amendment right of confrontation. We disagree. The trial court was correct in curtailing King's line of questioning, thereby "preventing the cross-examination from either going beyond the scope of direct or becoming, under the guise of impeachment, a general attack on the character of the witness." Steinhorst v. State, 412 So.2d 332, 338 (Fla. 1982).
The facts of Steinhorst are instructive. Steinhorst was part of a drug-smuggling conspiracy during the course of which four people were murdered. At Steinhorst's trial, one of the state's witnesses testified that Steinhorst had related to him the circumstances of the killings. On cross-examination, *926 defense counsel asked the witness whether he was an instrumental part of the importation scheme. Counsel stated that his line of inquiry was intended to impeach the credibility of the witness. The trial court limited cross-examination to the witness's knowledge of the murders and refused to permit a general inquiry into the witness's participation in the smuggling plan. On appeal, Steinhorst argued that he was trying to develop a defense theory and that the trial court improperly limited his cross-examination. The supreme court determined that Steinhorst could properly question the witness concerning the conversation alluded to on direct examination and the factual background of the conversation. However, the court concluded that such questioning was subject to limits. The court observed that "to question [the witness] generally about his role in the marijuana smuggling operation would have been to engage in a general attack on his character." Id. at 338.
Similarly, King's theory "was clearly a defensive matter well beyond the scope of the direct examination." Id. at 339. In order to impeach Hadley, King should have laid a proper foundation by calling his own witnesses and not by pursuing a line of questioning designed to insinuate impeaching facts. See Marsh v. State, 202 So.2d 222 (Fla. 3d DCA 1967) (prosecutor should not have been permitted to lay a foundation for impeachment of defendant who had taken stand on his own behalf by inquiring whether he had boasted to a barmaid that he was going to commit a crime where prosecutor did not have such a statement from the barmaid). See also Smith v. State, 414 So.2d 7 (Fla. 3d DCA 1982) (prosecutor may not insinuate impeaching facts, proof of which is nonexistent).
Two of King's remaining points on appeal have merit. The jury convicted King of burglary of an occupied dwelling, a second-degree felony. § 810.02(3), Fla. Stat. (1987). The presumptive guidelines sentence was any nonstate prison sanction. The trial court sentenced King to two-and-one-half years' incarceration. The trial court based its upward departure on the following reasons: (1) King's failure to appear for sentencing; and (2) severe emotional and psychological harm to the victims. Failure to appear for sentencing after adjudication is not a clear and convincing reason for departure from sentencing guidelines. Williams v. State, 500 So.2d 501 (Fla. 1986); Johnson v. State, 508 So.2d 779 (Fla. 3d DCA 1987). Psychological trauma may, in certain circumstances, constitute a clear and convincing reason to support departure. State v. Rousseau, 509 So.2d 281 (Fla. 1987). While we are aware that the trial court did not have the benefit of Rousseau at the time of sentencing, that case nonetheless makes clear that the type of trauma sustained by the victims here will not justify a departure. Because both reasons for departure are invalid, we reverse King's sentence and remand the case to the trial court for resentencing within the guidelines.
Although King was convicted of a second-degree felony, the trial court incorrectly adjudicated him guilty of armed burglary of an occupied dwelling, a first-degree felony. We, therefore, vacate the judgment and remand for entry of a corrected judgment to reflect King's second-degree felony conviction. In all other respects, his conviction is affirmed.
Affirmed in part, reversed in part, and remanded with directions to correct the judgment and resentence within the guidelines.