PER CURIAM.
Defendant Santamaría challenges the summary denial of his pro se motion to vacate his sentences pursuant to Florida Rule of Criminal Procedure 3.850. We reverse.
Santamaría entered a plea to the court as to charges of violation of probation and as to substantive charges. The court imposed sentences subject to reduction upon Santa-maria’s return to court at a scheduled time. When Santamaría failed to appear as agreed, the trial court vacated the sentences and imposed substantially higher sentences which were not within the plea agreement or the guidelines range. The court did not conduct a hearing to determine the reason for Santamaria’s failure to appear. Santamaría filed a 3.850 motion to vacate his sentences. The court summarily denied the pro se motion. This appeal followed.
A court may not impose a sentence outside the guidelines merely because a defendant fails to appear in court as ordered. Williams v. State, 500 So.2d 501 (Fla.1986); Harris v. State, 524 So.2d 1104 (Fla. 3d DCA 1988); King v. State, 525 So.2d 924 (Fla. 3d DCA 1988); Johnson v. State, 508 So.2d 779 (Fla. 3d DCA 1987); Johnson v. State, 501 So.2d 158 (Fla. 3d DCA 1987); see Lee v. State, 471 So.2d 195 (Fla. 4th DCA 1985). Failure to abide by a court order to appear in court on a specified date may subject defendant to additional charges, § 843.15(1)(a), Fla.Stat. (1983), or to a citation for contempt. § 843.15(2), Fla.Stat. (1983). Until the court determines guilt utilizing procedures which provide due process, however, it may not impose additional punishment. Williams. We hold that the trial court erred in imposing sentences exceeding both the plea agreement and the guidelines when Santamaría failed to surrender as ordered. We, therefore, vacate the illegal sentences and remand for resentencing.[1]
The record on appeal contains two transcripts of the original sentencing proceedings conducted only forty-five minutes apart. The representations in these transcripts as to the terms of the plea are not in agreement with each other or with the statements by the court. Furthermore, the court’s oral statements differ from the written sentences. The confusion in the trial court precludes us from deciding what sentence should have been imposed. On remand the trial court should determine the terms of the plea agreement and should also establish whether Santamaria’s failure to appear was excusable. If his nonappearance was not excusable, he should receive sentences in accordance with the agreement; however, if the court finds that San-tamaría violated the plea bargain by willfully failing to appear, the court may sen *943 tence him to the lesser of the agreed sentence or up to the guidelines limit.[2] Harris.
Reversed and remanded for resentenc-ing.

. Although the state correctly concedes that defendant’s motion has merit, it argues that, because this issue could have been raised on appeal, defendant is not entitled to post-conviction relief. We disagree. A defendant may collaterally attack an illegal sentence, Bass v. State, 530 So.2d 282 (Fla.1987), and a sentence increased for failure to appear is an illegal sentence. Williams. See also Yates v. State, 509 So.2d 1249, 1250 (Fla. 5th DCA 1987) ("[A]ny sentencing error which could result in a defendant’s incarceration for a longer period than is permitted by law can also be raised in a Rule 3.850 proceeding. The rule itself permits an attack on a sentence imposed in violation of law.”) (citations omitted).

. The court is not required to impose the maximum guidelines sentence.