FERGUSON, Judge.
Logue appeals an order denying his Florida Rule of Criminal Procedure 3.850 motion for post-conviction relief. We treat the motion as one brought pursuant to Florida Rule of Criminal Procedure 3.800 (illegal sentence).
The defendant’s guideline sentence for multiple burglary and grand theft convictions is twelve to seventeen years of imprisonment. After accepting guilty pleas to the offenses, the trial judge told the defendant that he would be sentenced to fifty-six years, which would be mitigated to twelve years if he returned for sentencing after a furlough. Because he failed to return on the scheduled date, the defendant is incarcerated under the fifty-six-year sentence.
We reverse on the authority of Williams v. State, 500 So.2d 501 (Fla.1986), which holds that a trial court cannot make failure to appear a basis for departure from the sentencing guidelines by simply conditioning acceptance of a guilty plea upon the defendant’s agreement to accept a departure if he fails to appear.[1] See also Quarterman v. State, 527 So.2d 1380 (Fla.1988) (where condition to appear is an integral part of a plea bargain, failure to appear may justify departure sentence).
Reversed and remanded with instructions to enter the appropriate guidelines sentence.

. In its court-ordered response to the appellant's motion, the Attorney General, correctly, confessed error.