PER CURIAM.
In the instant case, the trial court and the parties agreed that defendant McKinley Harris would be formally sentenced on drug possession and aggravated battery charges, then furloughed for six days. As part of the agreement, the trial judge ordered that if the defendant had no further violations during that time, upon his return for commitment, defendant’s sentence would be significantly mitigated. During the furlough period, defendant was arrested for the sale of cocaine within 1,000 feet of school property. Thereafter, the trial judge ordered the mutually agreed sentencing bargain enforced. We affirm.
As stated in Harris v. State, 524 So.2d 1104 (Fla. 3d DCA 1988), there is no reason why the terms of a mutually agreed sentencing bargain should not be enforced. See Jacobs v. State, 522 So.2d 540 (Fla. 3d DCA), review denied, 531 So.2d 1353 (Fla. 1988); Lee v. State, 471 So.2d 195 (Fla. 4th DCA 1985). Because the defendant subsequently pled guilty and was sentenced for the latter offense upon which the the court’s refusal to mitigate was based, it is now clear that the defendant breached the agreement made with the court and mitigation of his sentence was properly refused.
Accordingly, the order under review is affirmed.