636 So.2d 567 (1994)
Sabrina RAHMINGS, Appellant,
v.
The STATE of Florida, Appellee.
No. 93-983.
District Court of Appeal of Florida, Third District.
May 10, 1994.
Bennett H. Brummer, Public Defender, and Louis Campbell, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Paulette R. Taylor, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and JORGENSON and LEVY, JJ.
LEVY, Judge.
Sabrina Rahmings, the defendant, appeals her upward departure sentence, which was imposed after she breached a presentencing furlough agreement. We affirm in part, reverse in part, and remand.
After a jury trial, the defendant was convicted of two counts of armed robbery, one count of aggravated battery, and one count of burglary. The defendant sought a furlough prior to sentencing in order to tend to some personal matters. The trial judge agreed to furlough the defendant, but only after imposing a 40-year sentence which would be mitigated upon the defendant's return on the agreed upon date. The defendant took the stand and testified that she understood the agreement, and would appear as required. The defendant was released, and subsequently returned as required. A second furlough was later granted on the same conditions, and the defendant again returned as required. Upon her return from the second furlough, the defendant requested an extension of the furlough, which was also granted on the same conditions.
The defendant failed to return as required from this extension of her second furlough. She was not present in the courtroom when her case was called, nor when it was again called at the end of the trial court's calendar. After a search of the ladies' room and the area adjacent to the courtroom failed to locate her, she was sentenced to 40 years pursuant to the agreement. Since 40 years constituted an upward departure sentence, the written reason for departure given on her scoresheet was "waived guidelines to get furlough  failed to turn herself in." The defendant is currently incarcerated under this sentence, and now appeals.
In Quarterman v. State, 527 So.2d 1380 (Fla. 1988), the Supreme Court approved using a defendant's failure to appear after an agreed-upon furlough as a justification for an upward departure sentence. Quarterman, 527 So.2d at 1382. There is no question that the defendant in this case knowingly and voluntarily entered into the furlough agreement with the court. Having clearly breached the agreement, the trial court properly sentenced the defendant pursuant to its terms. See Harris v. State, 608 So.2d 898 (Fla. 3d DCA 1992).
The defendant, however, attempts to distinguish Quarterman, and contends that her *568 sentence must be reversed based upon Williams v. State, 500 So.2d 501 (Fla. 1986), and our holding in Harris v. State, 524 So.2d 1104 (Fla. 3d DCA 1988), which relied upon Williams. Williams and Harris each stood for the proposition that a defendant's failure to appear in court could not itself justify an upward departure sentence, even if the failure to appear constituted the breach of a furlough agreement. Williams, 500 So.2d at 503; Harris, 524 So.2d at 1104. Williams, however, was expressly receded from in Quarterman. Quarterman, 527 So.2d at 1382. We consider this an implicit overruling of our Harris (524 So.2d 1104) decision.
In attempting to distinguish Quarterman, the defendant points out that the furlough agreement in Quarterman had been entered as part of a plea bargain in that case. Hence, the defendant contends, Quarterman receded from Williams only as to those situations where a furlough agreement is part of a negotiated plea bargain. Therefore, since she was convicted after a jury trial, and not as the result of a plea bargain, Quarterman is inapplicable and Williams controls. We disagree.
The rationale of Quarterman focused not on the fact that a guilty plea had been entered, but on the existence of an agreement between the defendant and the court. As pointed out in Quarterman, the conditions of the furlough "were accepted as `an integral part of the bargain itself.'" Quarterman, 527 So.2d at 1382 (quoting Quarterman v. State, 506 So.2d 50, 51 (Fla. 2d DCA 1987)). Clearly, it was the knowing and voluntary nature of the agreement which justified its use as a reason for the departure sentence. See also White v. State, 531 So.2d 711, 714 (Fla. 1988) (where defendant voluntarily pleads guilty, and agreed-to sentencing range constitutes an upward departure, sentence was properly imposed); Smith v. State, 529 So.2d 1106, 1107 (Fla. 1988) (approving upward departure sentence based upon plea bargain, where bargain had been knowingly and voluntarily entered after consultation with counsel); Jacobs v. State, 522 So.2d 540, 541 (Fla. 3d DCA) (upward departure sentence proper as part of negotiated plea), rev. denied, 531 So.2d 1353 (Fla. 1988). Consequently, we read Quarterman as approving a departure sentence based upon the failure to appear, when the sentence is the result of a knowing and voluntary agreement entered into by the defendant and the court. Whether or not one of the elements of such an agreement is a guilty plea is not dispositive of the agreement's enforceability.
Were we to only enforce furlough agreements when entered as part of a plea bargain, trial courts would rarely, if ever, grant a furlough to a defendant who had been convicted by a jury. In effect, we would be penalizing defendants who had exercised their right to a jury trial, by severely curtailing their opportunity for a presentencing furlough. Additionally, we would be creating an incentive for defendants to forego jury trials, a result we deem improper.
Today's ruling does not conflict with our holding in Logue v. State, 547 So.2d 351 (Fla. 3d DCA 1989). In Logue, we reversed a sentence entered after a defendant failed to return from a furlough. The opinion recited that "the trial judge told the defendant that he would be sentenced to fifty-six years, which would be mitigated to twelve years if he returned for sentencing after a furlough." Logue, 547 So.2d at 352 (emphasis added). Since the sentence in Logue was given at the trial judge's direction, and not as part of a knowing and voluntary agreement by the defendant, it was properly reversed, and is consistent with today's ruling.
Although we approve enforcement of the furlough agreement in this case, resentencing is nevertheless necessary because the defendant improperly received a general sentence, instead of being sentenced individually as to each count. See Johnson v. State, 624 So.2d 807 (Fla. 3d DCA 1993). In resentencing the defendant in accordance with the breached furlough agreement, the trial court should be cognizant of the statutory maximums for each of the offenses. See §§ 784.045(2), 775.082(8)(c), Fla. Stat. (1991).
Affirmed in part, reversed in part, and remanded.