650 So.2d 1093 (1995)
Derrick Andre HOLMES, Appellant,
v.
The STATE of Florida, Appellee.
No. 95-279.
District Court of Appeal of Florida, Third District.
February 22, 1995.
Derrick Andre Holmes, in pro per.
Robert A. Butterworth, Atty. Gen., for appellee.
Before BARKDULL, LEVY and GODERICH, JJ.
BARKDULL, Judge.
Defendant appeals the summary denial of a rule 3.800 motion to correct an illegal sentence.
Defendant plead guilty to a second degree felony and a third degree felony. As part of his plea agreement defendant agreed to consecutive statutory maximum sentences of fifteen years and five years in return for a one week furlough. The trial court agreed that upon defendant's timely surrender defendant's sentence would be mitigated to a guideline sentence of four and one-half years. The trial court warned defendant that if he failed to show up at the appointed time he would serve twenty years instead of four and one-half. Defendant failed to timely surrender and is now imprisoned for the statutory maximum term. Pursuant to rule 3.800 defendant filed a motion urging that his sentence was illegal because it is in excess of the guidelines. Defendant then amended his motion alleging that he had been denied his right to a direct appeal. The trial court denied defendant's motion without an evidentiary hearing and defendant appealed.
A departure sentence imposed pursuant to a plea-bargain agreement, which is valid under Florida law, is not an illegal sentence. See Quarterman v. State, 527 So.2d 1380 (Fla. 1988); Rahmings v. State, 636 So.2d 567 (Fla. 3d DCA 1994); Casmay v. State, 569 So.2d 1351 (Fla. 3d DCA 1990).
The maximum valid sentence under Florida law for a second degree felony is a term of imprisonment not exceeding fifteen years. See § 775.082(c), Fla. Stat. (1983). The maximum valid sentence under Florida law for a third degree felony is a term of imprisonment not exceeding five years. See § 775.082(d), Fla. Stat. (1983).
*1094 A guilty plea cuts off all issues arising prior to the plea except jurisdiction, legality of sentence imposed, failure of the state to abide by the plea agreement and the voluntary and intelligent nature of the plea. See Krawczuk v. State, 634 So.2d 1070 (Fla. 1994), cert. denied, ___ U.S. ___, 115 S.Ct. 216, 130 L.Ed.2d 143 (1994).
Defendant alleges that he was denied his right to a direct appeal. We construe this to mean that his waiver of that right was somehow invalid.[1] It is clear from the plea colloquy that defendant waived his right to appeal.[2] He may not now attempt to go behind his plea and allege that his waiver was invalid. Krawczuk.
Defendant's sentence is not illegal. Defendant's sentence is within the statutory maximum allowed by law for the offenses committed and the trial court's departure from the presumptive guideline sentence was entirely proper. Quarterman, Rahmings; Casmay.
Affirmed.
NOTES
[1] We note that defendant is not attacking voluntary and intelligent nature of his plea. Defendant has already raised that issue by motion to vacate sentence, the denial of which was affirmed by this court. See Holmes v. State, 559 So.2d 1147 (Fla. 3d DCA 1990).
[2] When the trial court summarily denies a facially valid motion to correct an illegal sentence it shall attach those parts of the record which clearly refute defendant's allegations. See Haggerty v. State, 632 So.2d 668 (Fla. 4th DCA 1994). The trial court properly attached to its order those portions of the record which demonstrate that defendant waived both his right to appeal and his right to sentencing within the guidelines and that he was barred from arguing that his plea was involuntary or not intelligently made.