660 So.2d 1390 (1995)
Sabrina RAHMINGS, Petitioner,
v.
STATE of Florida, Respondent.
No. 83845.
Supreme Court of Florida.
October 5, 1995.
*1391 Bennett H. Brummer, Public Defender and Louis Campbell, Assistant Public Defender, Miami, for petitioner.
Robert A. Butterworth, Attorney General and Paulette R. Taylor, Assistant Attorney General, Miami, for respondent.
SHAW, Justice.
We have for review Rahmings v. State, 636 So.2d 567 (Fla. 3d DCA 1994), based on conflict with Williams v. State, 500 So.2d 501 (Fla. 1986). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const. We quash Rahmings.
Sabrina Rahmings knocked on the door of an acquaintance's home and allowed her two friends to gain entry to assault and rob the occupants. Following a jury trial, Rahmings was convicted of two counts of armed robbery, one count of aggravated battery, and one count of burglary. The recommended guidelines range was five and one-half to seven years imprisonment and the permitted range was four and one-half to nine years.
At the conclusion of trial, Rahmings asked to remain free pending sentencing so that she could make arrangements for the care of her three small children. The judge allowed her to remain free over the weekend, but to ensure her return on Monday he sentenced her to forty years' imprisonment which would be "mitigated" on her timely return February 2:
THE COURT: And any objections that you have to the plea, I mean the sentence which is going to be as follows. I will adjudicate her in accordance with the jury's verdict. I will sentence her now to 40 years, which is essentially life under DOC guidelines on the counts already charged. I'm not making any sentence or ruling on the counts that have been severed. I will allow her to take a furlough to get her children placed in child care and take care of whatever other necessities that she needs. She will return on Tuesday, February 2, 1993. When she surrenders on that date, I will mitigate the sentence and I will suspend entry of any sentence until she gets the PSI.
Rahmings agreed to the arrangement, and when she returned from furlough on February 2 the court vacated the forty-year sentence.
Rahmings remained in jail pending sentencing until March 25 when she again asked for and received a furlough under the same conditions as before, this time for one day. The court again issued an order sentencing her to forty years and listed the reason for departure: "Waived guidelines to get furlough  failed to turn herself in." Rahmings returned the following day and then was granted a furlough extension over the weekend.
On Monday, March 29, the day Rahmings was to surrender, she came to court but was not present in the courtroom when her case was called by a different judge:
THE COURT: Okay. And Sabrina Rahmings. She is here to surrender?
MR. KAISER (defense counsel): She is outside using the bathroom or something.
THE COURT: The bathroom? You saw her this morning?
MR. KAISER: Yes. She is here. Definitely here. As I understand it she is supposed to surrender and be taken back into custody... .
When Rahmings could not be located a short time later following a search of the restroom and that floor of the courthouse the *1392 court issued an order committing her to the Department of Corrections to begin serving the forty-year sentence:
THE COURT: Sabrina Rahmings. Where is Miss Rahmings? She is not in the bathroom?
MR. KAISER: Judge, I looked on the second floor. I can't find her on the second floor.
THE COURT: All right. She has already been adjudicated and found guilty?
THE CLERK: Yes, judge.
THE COURT: At this time, was it the agreement that she would be sentenced to 40 years?
THE CLERK: She was given 40 years.
THE COURT: If she didn't come back today?
THE CLERK: Given a furlough to return... .
THE COURT: Okay. She is going to do 40 years.
The district court affirmed the sentence and this Court granted review based on conflict with Williams.
The defendant in Williams pled guilty to several offenses, was released on his own recognizance, and was told by the court that he would be sentenced under the guidelines if he reappeared for sentencing on a particular date. When he failed to appear on that date, the court imposed a departure sentence because: "Defendant did not appear for sentencing on July 20, 1984." This Court held the departure invalid, ruling that failure to appear (FTA) is not a valid basis for departure. We reasoned that FTA is a separate criminal offense punishable under section 843.15, Florida Statutes (1985), by up to five years' imprisonment, and that Williams had not been convicted of that offense.[1] The guidelines expressly prohibit departure based on allegations of criminal conduct without a conviction. Fla.R.Crim.P. 3.701(d)(11).
We addressed a related issue two years later in Quarterman v. State, 527 So.2d 1380 (Fla. 1988). Quarterman was charged with armed robbery and entered a negotiated plea "premised on the condition that he would be allowed until the following Monday to visit his sister, [and specifically providing] as a part of the plea bargain that if he failed to appear on the following Monday, the court was free to sentence him up to the maximum sentence of life in prison." Quarterman v. State, 506 So.2d 50, 51 (Fla. 2d DCA 1987). The court accepted the plea offer and when Quarterman failed to appear imposed a departure sentence. This Court approved the departure, reasoning that the case differed from Williams in that Quarterman himself had required as a condition of his guilty plea that he be granted furlough and that the court could depart if he failed to appear.
The State in the present case contends that Quarterman not Williams, controls. We disagree and find Williams dispositive. The relevant circumstances in Rahmings and Williams are identical: Both Rahmings and Williams were adjudged guilty, were told by the court to appear on a certain date for sentencing, promised to do so, and then failed to appear. In short, Rahmings and Williams are both simple FTA cases.
Quarterman, on the other hand, is a plea agreement case. Quarterman conditioned his plea on receiving furlough and proposed that if he failed to appear the court could sentence him "to anything in the Court's discretion." Quarterman, 527 So.2d at 1381. The court held him to that bargain. Rahmings has little in common with Quarterman: 1) Rahmings was convicted following trial, not as the result of a plea; 2) Rahmings' furlough request was an independent motion to the mercy of the court, not a plea provision extracted from the court through negotiation; and 3) Rahmings' departure sentence was proposed unilaterally by the court, not by the defendant to sweeten a plea offer.
Based on the foregoing, we reaffirm that failure to appear, standing alone, is an invalid reason for departure, as explained in Williams. We quash Rahmings and remand for proceedings consistent with this opinion.
It is so ordered.
*1393 GRIMES, C.J., and OVERTON, KOGAN, HARDING, WELLS and ANSTEAD, JJ., concur.
NOTES
[1] In the present case, the State was free to prosecute Rahmings' failure to appear under section 843.15, in which instance the State has the burden of proving that she "willfully" failed to appear. See § 843.15, Fla. Stat. (1993).