FULMER, Judge.
The defendant appeals an upward departure sentence imposed because he failed to turn himself in to commence serving a previously imposed sentence. We reverse because the trial court was without authority to resentence the defendant to a departure sentence as a sanction for the failure to appear.
On September 26, 1994, the defendant pleaded no contest to various criminal charges and was sentenced to 36 months imprisonment in accordance with the sentencing guidelines and pursuant to the terms of a plea agreement. After imposing the sentence, the trial court granted the defendant’s request to delay commencement of his sentence:
I’ll grant Mr. Lindquist a delayed reporting time to commence his sentence starting today with the understanding that he will report back to the court at 8:30 the 6th of October for the purpose of attending the restitution hearing and turning himself in to commence his sentence.
The defendant failed to appear to commence his sentence and a capias was issued. Several months later the defendant was arrested on the capias and taken before the trial court, at which time the trial court stated that it was “cancelling” the original sentence and imposing a departure sentence of seven years:
THE COURT: Okay. Well, I believe the record would reflect, Mr. Lindquist, that at the time that I imposed the sentence against you back in September, that I told you that if you were arrested on anything in that ten-day period, or if you didn’t show up, that your change of plea that you entered would remain, but that my requirement to keep the 36 months against you would not necessarily be the case.
[[Image here]]
I will supplement the sentencing guidelines score sheet in this case by stating as a reason for my departure of sentence in this case, the fact that Mr. Lindquist did not obey the order of the Court when I directed him to appear to commence his sentence.
*489 And as a result of his deliberate failure to abide by the orders of this Court ... that is sufficient reason for departure in this case. And if the Second District doesn’t agree, then they can change it.
Defense counsel immediately objected to the departure sentence, advised the court that he did not recall the court telling the defendant that his sentence could be changed if he failed to appear, and requested that a transcript be ordered and reviewed. The court refused to order the transcript and indicated that the departure sentence would stand as imposed.
We regret that the trial court did not take the opportunity to review the transcript of the first sentencing hearing because the trial court was mistaken in its recollection of the hearing. Neither the written plea agreement nor the plea and sentencing colloquy contain the condition that the defendant could be resentenced to a departure sentence if he failed to appear on the designated day to commence serving his sentence. Without the authorization conferred by a plea agreement, a trial court may not vacate a guidelines sentence and impose an upward departure sentence as a sanction for a failure to appear. See Rahmings v. State, 660 So.2d 1390 (Fla.1995). Therefore, we reverse and remand with directions that the negotiated sentence of 36 months be reimposed.
CAMPBELL, A.C.J., and BLUE, J., concur.