PER CURIAM.
Upon the State’s proper confession of error, we reverse defendant’s 17-year sentence and remand with directions to the trial court to restructure the sentences that were entered pursuant to the plea agreement.
Under that agreement, if defendant failed to surrender himself at the appointed time after a furlough, he would be subject to a 17-year sentence.[1] The sentencing related to robbery, a second-degree felony with a statu *712 tory máximum of 15 years imprisonment, and violation of probation in three earlier cases.[2] Defendant failed to report to the court following his furlough.
The trial court sentenced defendant to 17 years, to run concurrently. However, the 17-year, agreed-upon sentence is only lawful if the 17-year total is divided among the four offenses (the robbery sentence and the three probation violations), and those four sentences are run consecutively.
We therefore reverse and remand with directions to resentence defendant in accordance with this opinion.

. The plea colloquy reveals that the defendant unequivocally agreed that the trial court would sentence him to a prison term of 17 years, with the express proviso that if he returned after his *712 furlough at the appointed time, the 17-year sentence would be reduced to 7 years. As the incentive to return was made an express condition to the plea agreement, the trial court’s imposition of a higher sentence upon his failure to return was lawful. See Rahmings v. State, 660 So.2d 1390 (Fla.1995).

. The aggregate statutory maximum for the offenses for which defendant was being sentenced when he entered into the plea agreement was 75 years.