MINER, Judge.
In view of holdings by the Florida Supreme Court in Williams v. State, 500 So.2d 501 (Fla.1986), and Rahmings v. State, 660 So.2d 1390 (Fla.1995), we are obliged to reverse the four consecutive 15 year sentences imposed on appellant and remand for re-sentencing within the sentencing guidelines.
In the case at bar, on February 4, 1995, appellant entered into a written negotiated plea agreement wherein he pled no contest to four counts of robbery in exchange for concurrent four year sentences in the Department of Corrections.
At the sentencing hearing on June 28, 1995, appellant requested a six-month postponement in sentencing and release on his own recognizance so that he could donate a kidney to his critically ill mother. The trial court agreed to appellant’s request provided appellant would return for sentencing no later than December 28,1995. Were appellant to show up on that day, the trial court indicated its willingness to honor the concurrent four year sentence originally bargained for; if appellant failed to return, the trial court promised consecutive 15 year sentences. Appellant acquiesced in this arrangement.
For whatever reason, appellant apparently failed to return for sentencing on the agreed upon date and on January 31, 1996, he was sentenced to consecutive 15-year terms in the Department of Corrections. This appeal ensued.
Williams,supra, is factually similar to the case at bar in all dispositive respects. There, the appellant entered pleas to burglary and theft in exchange for a guideline sentence. At the plea hearing, the trial court indicated that it would honor the plea agreement if, among other conditions; appellant appeared for sentencing at the scheduled time. Williams agreed to these conditions and was released on his own recognizance. He did not appear on sentencing day and was apparently apprehended and returned to court for sentencing. In support of the non-guideline sentence it imposed, the trial court ascribed only the reason that Williams did not appear for sentencing. Thus, the issue there presented was whether a defendant’s failure to appear for sentencing constitutes a clear and convincing reason for departure from the sentencing guidelines.
Here, as in Williams, the trial court based its sentence exceeding the guidelines range on Bolden’s failure to appear at sentencing. In addition, the court noted in its sentencing order in the instant case that Bolden had agreed to a 60 year sentence in the event he did not return for sentencing on the appointed day. A similar argument was made and *24 rejected in Williams. Indeed, the trial court in Williams based its sentencing decision on the fact that the defendant acquiesced to the conditions imposed by the trial court as a prerequisite to the court’s compliance with the sentencing guidelines law. The Supreme Court rejected this argument and concluded that failure to appear does not constitute a clear and convincing reason for departure and that the defendant’s acquiescence cannot confer authority on the court to make such a departure. Williams, 500 So.2d at 502.
[A] trial court cannot make the failure to appear a proper basis for departure by simply conditioning acceptance of a guilty plea upon the defendant’s agreement to accept a departure sentence if he fails to appear. A defendant cannot by agreement confer on the court the authority to impose an illegal sentence. If a departure is not supported by clear and convincing reasons, the mere fact that a defendant agrees to it does not make it a legal sentence.
Williams, 500 So.2d at 503.
Some ten years later, the Supreme Court in Rahmings v. State, 660 So.2d 1390 (Fla.1995), reaffirmed the holding in Williams that failure to appear, standing alone, is an invalid reason for departure. REVERSED and REMANDED for resentencing within the sentencing guidelines.
ALLEN and MICKLE, JJ., concur.