752 So.2d 85 (2000)
Zelle TAYLOR, Appellant,
v.
STATE of Florida, Appellee.
No. 1D99-2392.
District Court of Appeal of Florida, First District.
February 28, 2000.
*86 Nancy A. Daniels, Public Defender; P. Douglas Brinkmeyer, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; Charmaine M. Millsaps and Elizabeth Fletcher Duffy, Assistant Attorneys General, Tallahassee, for Appellee.
PER CURIAM.
Zelle Taylor appeals an order revoking her community control and the sentence imposed thereafter. We conclude that the evidence was sufficient to prove grounds for revocation and therefore affirm the order revoking her community control. We conclude, however, that the reasons given for departure were inadequate and remand for sentencing under the guidelines.
At the time of revocation, Ms. Taylor was on community control for a third-degree felony that she committed on May 26, 1995. (Before community control, she had been on probation.) On April 27, 1999, the trial court found that she had violated a community control condition by committing a new law violation, and sentenced her initially to one year in the county jail. When Ms. Taylor requested time to make custody arrangements for her seven-year-old child, however, the trial court vacated the sentence and agreed to delay sentencing until the next day, telling her that, if she did not show up then for sentencing, the court would sentence her to the statutory maximum of five years in state prison.
Ms. Taylor failed to return the next day for sentencing and was soon arrested. Under the sentencing guidelines in effect at the time she committed her original offense, she was subject to non-state prison sanctions only, the revocation notwithstanding. See § 921.0014(2), Fla. Stat. (1995). Nevertheless, on May 14, 1999, *87 the trial court sentenced her to five years in state prison. The trial court simply told her that it had informed her what would happen if she did not return for sentencing as required. The trial court gave no additional reason for the departure sentence, and did not reduce any reason to writing.
Mere failure to appear is not a legitimate basis for departure. See Rahmings v. State, 660 So.2d 1390, 1392 (Fla. 1995); Bolden v. State, 691 So.2d 23, 24 (Fla. 1st DCA 1997). Failure to appear may constitute a crime in and of itself. See § 843.15(1)(a), Fla. Stat. (1997). The state had the option to charge Ms. Taylor with failure to appear and seek an appropriate punishment for that offense. See Williams v. State, 500 So.2d 501, 502-03 (Fla.1986). As far as the record reveals, however, the state has not done so. A trial court may not depart on the basis of an uncharged crime. See Rahmings, 660 So.2d at 1392. See also, Fla. R.Crim. P. 3.701(d)(11). The state does not dispute Ms. Taylor's contention that the trial court's reason for departure was insufficient.
Instead, the state argues that, because Ms. Taylor violated community control after October 1, 1998, the trial court had authority to sentence her up to the five-year statutory maximum without giving reasons for departure at all. The new Criminal Punishment Code allows the trial judge to "impose a sentence up to and including the statutory maximum for any offense, including an offense that is before the court due to a violation of probation or community control." § 921.002(1)(g), Fla. Stat. (1999). But the state's argument ignores controlling language with which the statute begins: "The Criminal Punishment Code shall apply to all felony offenses, except capital felonies, committed on or after October 1, 1998." § 921.002, Fla. Stat. (1999).
The felony for which Ms. Taylor was being sentenced occurred in 1995, long before enactment of the Criminal Punishment Code. See Ch. 97-194, § 1, at 3674, Laws of Fla. (repealing the sections of Chapter 921, Florida Statutes, constituting the sentencing guidelines "except that those sections shall remain in effect with respect to any crime committed before October 1, 1998"). See generally Miller v. Florida, 482 U.S. 423, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987).
The order of revocation is affirmed. The sentence is reversed and the case is remanded for re-sentencing in accordance with the guidelines in effect at the time of the offense.
MINER, BENTON, and BROWNING, JJ., concur.