PER CURIAM.
Appellant Elizabeth Coney was charged along with codefendant Adrienne McKenzie with grand theft of jewelry from a store in Palm Beach. After their arrest, both defendants were given Miranda warnings; McKenzie made statements to the police, but Coney did not.
The two women were tried together. Coney testified that she did not realize she was still wearing the store’s gold chain around her neck when she left the establishment. The arresting officer observed Coney wearing a gold chain with a price tag at the time she was stopped, shortly after leaving the store.
In spite of the trial court’s efforts to purge the trial of any reference to Coney’s exercise of her right to remain silent, McKenzie’s lawyer established through the arresting officer that Coney never claimed that she was on her way to a bank at 'the time she was stopped. This was important, because the owner of the store testified that when the defendants left her shop, they said that they were going to a bank to get money to purchase several items.
The supreme court has held that if a “comment is fairly susceptible of being construed by the jury as a comment on the defendant’s exercise of his or her right to remain silent, it violates the defendant’s right to silence” under article I, section 9 of the Florida Constitution. State v. Hoggins, 718 So.2d 761, 769 (Fla.1998); see Dean v. State, 690 So.2d 720, 724 (Fla. 4th DCA 1997). Disclosing that Coney, post-Miranda, failed to mention that she was on her way to a bank calls attention to her silence, particularly in view of McKenzie’s statements to the police. See Smith v. State, 681 So.2d 894 (Fla. 4th DCA 1996); Cook v. State, 714 So.2d 1132 (Fla. 1st DCA 1998).
The constitutional error was not muted because it was not the prosecutor, but McKenzie’s lawyer who elicited the testimony about Coney’s silence. In Spivey v. State, 529 So.2d 1088, 1093 (Fla.1988), the supreme court held that neither a prosecutor nor the lawyer for a code-fendant may cross-examine or otherwise comment on a defendant’s right to remain silent. As the court wrote,
the state urges that we hold that neither the state nor a codefendant may cross-examine or otherwise comment on a defendant’s silence. We agree and so hold. Such cross-examination or comment serves no legitimate purpose and permits codefendants to introduce potentially reversible error and to cause mistrials or severances at the expense of the rights of the other codefendants to fair and speedy trials and of the state to joint and speedy trials.

Id.

We do not find the error to be harmless, especially in light of the jury’s written question to the court during deliberations requesting a read back of Coney’s “statement about what she said after being stopped by the police officer.”
On the remaining issue, the prosecutor could properly have questioned Coney about whether she had claimed that she had mistakenly left a store with merchandise when accused of shoplifting on a prior occasion. See § 90.404(2)(a), Fla. Stat. (1999) (“Similar fact evidence of other crimes, wrongs, or acts is admissible when relevant to prove a material fact in issue, such as ... absence of mistake or accident. ...”). However, the prosecutor was first required to demonstrate a good faith *175 factual basis for asking such questions. See, e.g., King v. State, 525 So.2d 924, 926 (Fla. 3d DCA 1988). No such factual basis appears in this record. The trial court’s instruction to ignore the prosecutor’s questions was insufficient to dissipate the suggestion that the prosecutor had documentation of prior shoplifting incidents where Coney had claimed mistake.
Coney’s conviction of grand theft is reversed and the case is remanded for a new trial.
STEVENSON, SHAHOOD and GROSS, JJ., concur.