PER CURIAM.
Adrian Charles Morlanne appeals a sentencing order. We affirm.
Defendant-appellant Morlanne entered into a plea bargain which was accepted by the court on March 8, 1999. The court entered an adjudication of guilt and scheduled the case for April 9, 1999, for sentencing. Under the written plea agreement and the plea colloquy, it was agreed “that if the Defendant fails to appear for sentencing on the date set by the court, ... the Court shall ... sentence the Defendant to FIFTEEN (15) years in State prison.” (Emphasis in original).
Defendant failed to appear at the sentencing hearing on April 9,1999. The case was reset for sentencing on April 12, 1999. Defendant again failed to appear.
Eventually the defendant was taken into custody and, after a hearing, was sentenced to fifteen years incarceration pursuant to the plea agreement. Defendant has appealed.
We find no error in the sentence imposed, which was part of the plea agreement. See Quarterman v. State, 527 So.2d 1380, 1382 (Fla.1988); see also Rahmings v. State, 660 So.2d 1390, 1392 (Fla.1995).
What has complicated the picture is a clerical error which occurred after the plea was accepted on March 8, 1999. At that time the defendant was adjudicated guilty and the judge signed the judgment. It appears that in addition, the trial court prematurely signed the sentencing order, which provided for an agreed five-year period of probation, with a special condition of 364 days in the county jail. This led to some confusion about whether the defendant should be treated as a probationer who has violated probation, or whether the case should be analyzed under the original plea agreement.
We agree with the trial court that the March 8, 1999, sentencing order was prematurely entered. Sentencing was to occur on April 9, 1999. The proceeding below was properly viewed as a sentencing proceeding pursuant to the plea agreement.
At the sentencing proceeding held on April 14, 2000, from which this appeal is taken, the court considered evidence offered by the defendant and his explanation for failure to appear. We conclude that the defendant’s explanation was not a legally sufficient excuse, and that the sentence imposed was authorized by the plea bargain.
The defendant also contends that the trial judge was biased against him. We reject this claim. To begin with, there was no motion to disqualify the trial judge, so the issue is not properly before us. Were the merits before us, we would reject the claim.
At the March 8, 1999, hearing at which the court accepted the plea, the trial judge said, “I’m troubled by accepting this plea, and I’m sure your attorney has explained this to you, and I certainly have some of the same concerns that [counsel] has, as to whether or not it’s safe to put you back out in the community. So I want you to know that all it’s going to take is one little tiny *990 violation, and I will gladly send you away for 15 years. You understand that, right?” The defendant answered, “Yes, ma’am.” This amounted to nothing more than giving the defendant fair warning that he would be required to strictly comply with the plea agreement. The fact that the court reiterated this comment at the sentencing proceeding does not change the analysis.
Affirmed.